STATE of Wisconsin EX REL. Tommy G. THOMPSON, Governor, State of Wisconsin, Petitioner,

John T. BENSON, State Superintendent of Public Instruction, Wisconsin Department of Public Instruction and James E. Doyle, Attorney General, Necessary-Parties, Marquelle MILLER, Cynthia Miller, Angela Gray, Zachery Gray, Shon Richardson, George Richardson, Latrisha Henry, Faye Henry, Reigne Barrett, Valerie Barrett, Candice Williams, Senton Williams, Clintrai Giles, Sharon Giles, Parents for School Choice, Pilar Gonzalez, Dinah Cooley, Julie Vogel, Kate Helsper, Blong Yang, Gail Crockett, Yolanda Lassiter and Jeanine Knox, Necessary-Parties-Intervening-Petitioners, Rep. Annette Polly WILLIAMS, Intervenor-Petitioner,

v.

Warner JACKSON, Jennifer Evans, Wendell Harris, The Reverend Andrew Kennedy, Rabbi Issac Serotta, Ceilann Libber, Father Thomas J. Mueller, Reverend John N. Gregg, Diane Brewer, Colleen Beaman, Mary Morris, Penny Morse, Kathleen Jones, Philip Jones, Milwaukee Teachers' Education Association, by its President, M. Charles Howard, Michael Langyel, Donald Lucier, Tracy Adams, Milwaukee Public Schools Administrators and Supervisors Council, Inc., by its Executive Director, Carl A. Gobel, People for the American Way, by its Executive Vice President and Legal Director, Elliott M. Mincberg, John Drew, Susan Endress, Richard Riley, Jeanette Robertson,

714

Vincent Knox, Bertha Zamudio, James Johnson, Robert Ullman and Sally F. Mills, Respondents.

Supreme Court

*No. 95–2153–OA. Oral argument February 27, 1996.—Decided March 29, 1996.*

(Also reported in 546 N.W.2d 140.)

For the petitioner there were briefs by *Edward S. Marion* and *Murphy & Desmond, S.C.*, Madison and *Kenneth Starr, Jay P. Lefkowitz, Paul D. Clement* and *Kirkland & Ellis*, Washington, D.C. and oral argument by *Kenneth Starr*.

For the necessary parties the cause was submitted on the briefs by *Warren D. Weinstein*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

For necessary parties, Marquelle Miller, et al., there were briefs by *Lauren Brown-Perry*, Madison and *Mark J. Bredemeier, Janice S. O'Brien* and *Landmark Legal Foundation*, Kansas City, MO and oral argument by *Mark J. Bredemeier*.

For necessary parties, Parents for School Choice, et al., there were briefs by *Michael D. Dean*, Milwaukee and *William H. Mellor, III, Clint Bolick* and *Institute for Justice*, Washington, D.C. and oral argument by *Clint Bolick*.

For the respondents there was a brief by *Jeffrey J. Kassel, Melanie E. Cohen* and *LaFollette & Sinykin*, Madison; *Steven K. Green* and *Americans United For Separation of Church and State*, Washington, D.C.; *Peter M. Koneazny* and *American Civil Liberties Union of Wisconsin Foundation, Inc.*, Milwaukee; *Steven R. Shapiro* and *American Civil Liberties Union Foundation*, New York, NY and oral argument by *Jeffrey J. Kassel*.

For respondents, Milwaukee Teachers Education Association, et al, there was a brief by *Richard Perry*,

*Richard Saks* and *Perry, Lerner & Quindell*, Milwaukee; *Robert H. Chanin, John M. West* and *Bredhoff & Kaiser, P.L.L.C.*, Washington D.C.; *Bruce Meredith, Chris Galinat* and *Wisconsin Education Association Council*, Madison; *Elliot M. Mincberg, Judith Schaeffer* and *People for the American Way Action Fund*, Washington D.C. and *Timothy Hawks* and *Shneidman, Myers, Dowling & Blumenfield*, Milwaukee and oral argument by *Robert H. Chanin.*

Amicus curiae brief was filed by *Steven J. Schooler* and *Lawton & Cates, S.C.*, Madison for the Board of Church and Society and Chancellor, Wisconsin Annual Conference of the United Methodist Church.

Amicus curiae brief was filed by *Alex Flynn* and *Alex Flynn & Associates, S.C.*, Milwaukee and *Mark E. Chopko, John A. Liekweg* and *U.S. Catholic Conference*, Washington, D.C. for the Archdiocese of Milwaukee and United States Catholic Conference.

Amicus curiae brief was filed by *Grant F. Langley*, city attorney, *Susan D. Bickert, Roxane L. Crawford*, assistant city attorneys, Milwaukee for the Board of School Directors of the City of Milwaukee.

Amicus curiae brief was filed by *Michael L. Williams* and *Haynes and Boone, L.L.P.*, Fort Worth, TX, for the Center for New Black Leadership.

Amicus curiae brief was filed by *William H. Lynch* and *Law Offices of William H. Lynch* and *James Hall* and *Hall, Patterson & Charne*, all of Milwaukee for the National Association for the Advancement of Colored People.

Amicus curiae brief was filed by *Gordon E. McQuillen* and *Cullen, Weston, Pines & Bach*, Madison and *David B. Isbell, Johnathan E. Mansfield* and *Covington & Burling*, Washington, D.C. for the National Committee for Public Education & Religious Liberty.

Amicus curiae brief was filed by *Steven P. Means* and *Michael, Best & Friedrich*, Madison and *Keith A. Fournier, Jay Alan Sekulow, John P. Tuskey, James M. Henderson* and *The American Center for Law & Justice*, Washington, D.C. for the Family Life Project of the American Center for Law.

Amicus curiae brief was filed by *Michael P. May, Mark J. Steichen, M. Tess O'Brien-Heinzen* and *Boardman, Suhr, Curry & Field*, Madison for the Wisconsin Interfaith Impact of the Wisconsin Conference of Churches.

Amicus curiae brief was filed by *H. Yvonne Vinkemulder*, Madison and *Steven T. McFarland, Gregory S. Baylor*, Annandale, VA and, of counsel, *Thomas C. Berg*, Birmingham, AL for the Christian Legal Society, Christian Life Commission of the Southern Baptist Convention and National Association of Evangelicals.

Amicus curiae brief was filed by *Bradden C. Backer* and *Godfrey & Kahn, S.C.*, and *Robert L. Gordon* and *Weiss, Berzowski, Brady & Donahue*, all of Milwaukee, for the Milwaukee Jewish Council for Community Relations and the Wisconsin Jewish Conference.

Amicus curiae brief was filed by *Michael J. Julka, Franck C. Sutherland* and *Lathrop & Clark*, Madison for the Wisconsin Association of School Boards, Inc.

Amicus curiae brief was filed by *Michael J. Bachhuber*, Milwaukee for Progressive Milwaukee.

Amicus curiae brief was filed by *Jeffrey Spitzer-Resnick*, Madison for the Wisconsin Coalition for Advocacy, Inc.

PER CURIAM. The court is equally divided. Chief Justice Day, Justice Abrahamson and Justice

Bablitch believe that the amendments to the Milwaukee Parental Choice Program (MPCP) are contrary to art. I, § 18 and art. X, § 3 of the Wisconsin Constitution.[1]

Justice Steinmetz, Justice Wilcox and Justice Geske believe, based both upon the legislation before us and the stipulated facts, that respondents have not met the burden to prove beyond a reasonable doubt that the legislative amendments to MPCP violate the Establishment Clause of the First Amendment to the U.S. Const., art. I, § 18 of the Wis. Const., art. X, § 3 of the Wis. Const. or Wisconsin's Public Purpose Doctrine.[2]

A majority of the participating justices must agree on a particular point for it to be considered the opinion of the court. *State v. Elam*, 195 Wis. 2d 683, 685, 538 N.W.2d 249 (1995). Conversely, when the court splits evenly, as is the case here, the court would ordinarily

---

[1] Because these three justices would hold the expanded MPCP program unconstitutional under the Wisconsin Constitution, they would not reach the issue of whether it should also be found unconstitutional under the United States Constitution.

[2] The original program withstood challenges brought on a variety of state constitutional bases in *Davis v. Grover*, 166 Wis. 2d 501, 512, 480 N.W.2d 460 (1992), in part because the majority of this court concluded that the program was experimental in nature and served to advance the goal of improving "the quality of education in Wisconsin for children of low-income families." Justices Steinmetz, Wilcox and Geske believe that while the legislature has chosen to expand the program in the amendments challenged here, the program is still limited and experimental and, under the stipulated facts, remains inoffensive to the dictates of the United States Constitution, the Wisconsin Constitution and the Wisconsin Public Purpose Doctrine.

affirm the court of appeals' decision if the case was before the court on appeal, or remand to the court of appeals for further proceedings if the case was before the court on a bypass or certification. *Id.* at 684-85. This case, however, is not before the court on appeal, bypass or certification but rather as an original action pursuant to a petition for removal from the Dane County Circuit Court.

Accordingly, the stay of proceedings pending in the Dane County Circuit Court is lifted; the preliminary injunction enjoining all portions of the amended MPCP is continued until further order of the Dane County Circuit Court; and the original action proceeding pending before this court is dismissed without prejudice.

ANN WALSH BRADLEY, J., did not participate.