REBECCA GRASSL BRADLEY, J. (concurring).
¶ 39 I join the majority opinion but write separately out of concern that the majority author cites her own concurrences as authority for legal principles instead of citing precedential majority opinions. The majority author cites to her past concurring opinions six times even though each citation could have been replaced *309 with precedential authority. The legal propositions for which she cites her concurrences in prior cases are not novel legal points. I am concerned that allowing this practice to pass without notice will encourage future citations to past solo concurrences-creating majority opinions supported by one justice's separate writings instead of valid precedent.
¶ 40 Although "concurring opinions have often exercised a greater effect on subsequent cases than the majority opinions that they accompany," where possible,[1] we should cite to opinions that have binding precedential authority. See Igor Kirman, Standing Apart to Be a Part: The Precedential Value of Supreme Court Concurring Opinions, 95 Colum. L. Rev. 2083, 2084 (1995) ; see also Ives v. Coopertools, a Div. of Cooper Indus., Inc., 208 Wis. 2d 55, 58, 559 N.W.2d 571 (1997) (per curiam) ("Our division on reasoning simply means that the analyses of the two concurrences have no precedential value." (citation omitted) ); State ex rel. Thompson v. Jackson, 199 Wis. 2d 714, 719, 546 N.W.2d 140 (1996) (per curiam) (citing State v. Elam, 195 Wis. 2d 683, 685, 538 N.W.2d 249 (1995) for the proposition that "[a] majority of justices must have agreed on a particular point for it to be considered the opinion of the court.").
¶ 41 Here, the majority author's repeated citations to her past concurrences are unnecessary. She could have replaced her concurrence citations in ¶¶ 6, 30 and 33 with citations to the precedential cases her concurrences quoted or cited.
*310 ¶ 42 More problematically, the majority author could have replaced her concurrence citations in ¶ 31 with a citation to State v. Giese, 2014 WI App 92, ¶ 18, 356 Wis. 2d 796, 854 N.W.2d 687 ("The court's *110 gate-keeper function under the Daubert standard is to ensure that the expert's opinion is based on a reliable foundation and is relevant to the material issues." (citing Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 n.7, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) ) ).
¶ 43 Parlaying a justice's own concurrence into a majority opinion under these circumstances is not good practice. Reliance on the majority opinion author's own separate writings six times in an opinion that cites only four precedential cases raises concerns over the soundness and scholarship of this opinion.
¶ 44 For these reasons, I concur.
¶ 45 I am authorized to state that Justices SHIRLEY S. ABRAHAMSON and DANIEL KELLY join this concurrence.

I take no issue with using self-authored separate writings when, for example, no other authority exists for the proposition that a majority of the court has decided is a correct statement of the law. That is not the situation here.