STATE of Wisconsin, Plaintiff-Respondent,

v.

John Fitzgerald ELAM, Defendant-Appellant.

Supreme Court

*No. 94–1050–CR. Oral argument September 7, 1995.—Decided October 4, 1995.*

(Also reported in 538 N.W.2d 249.)

For the defendant-appellant there were briefs and oral argument by *Richard D. Martin*, assistant state public defender.

For the plaintiff-respondent the cause was argued by *Paul Lundsten*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

PER CURIAM. The court is equally divided on whether to affirm or reverse the judgment of the Circuit Court for Milwaukee County, Jeffrey A. Wagner, Judge. Chief Justice Roland B. Day and Justices Donald W. Steinmetz and Janine P. Geske would affirm. Justices Shirley S. Abrahamson, William A. Bablitch and Ann Walsh Bradley would reverse. Justice Jon P. Wilcox did not participate.

This court accepted jurisdiction over this appeal on a petition to bypass. Wis. Stat. § (Rule) 809.60 (1993-94). We have previously stated that when a tie vote occurs in this court on a bypass or certification, "justice

is better served in such an instance by remanding to the court of appeals for their consideration." *State v. Richard Knutson, Inc.*, 191 Wis. 2d 395, 396-397, 528 N.W.2d 430, (1995).

We do not remand this appeal to the court of appeals because the court of appeals has already decided the issue presented in this appeal, namely whether Wis. Stat. § 973.012 (1993-94) prohibits a defendant from basing an appeal on a sentencing court's failure to take sentencing guidelines into consideration. In *State v. Halbert*, 147 Wis. 2d 123, 131-32, 432 N.W.2d 633 (Ct. App. 1988), the court of appeals held that a sentencing court's failure to consider the sentencing guidelines is not subject to appellate review.

When this very issue came to this court in *State v. Speer*, 176 Wis. 2d 1101, 501 N.W.2d 429 (1993), three justices, Chief Justice Nathan S. Heffernan, Justices Shirley S. Abrahamson and William A. Bablitch, opined that *Halbert* should be overruled, while three justices, Justices Roland B. Day, Donald W. Steinmetz and Louis J. Ceci, concluded that *Halbert* is good law.

A general principle of appellate practice is that a majority of the participating judges must have agreed on a particular point for it to be considered the opinion of the court. *State v. Dowe*, 120 Wis. 2d 192, 194-95, 352 N.W.2d 660 (1984) (Per Curiam) (a concurrence with four votes on an issue represents the majority and controls on the issue). Accordingly, the court concludes that *Halbert* was not overruled by *Speer*; *Halbert* is precedential.

The court of appeals has referred to the sentencing guideline portion of the *Speer* decision a number of

times. In no case has the court of appeals stated that *Speer* overruled *Halbert*.

In *State v. Miller*, 180 Wis. 2d 320, 325, 509 N.W.2d 98 (Ct. App. 1993), the court of appeals cited the *Speer* case for the rule that "[w]hile the sentencing guidelines may have indicated that probation with or without jail time was the presumptive sentence for Miller, the trial court is not required to impose that sentence as long as the court considers the guidelines and explains its reasons for deviating from them."

In *State v. Smet*, 186 Wis. 2d 24, 30-31 n.2, 519 N.W.2d 697 (Ct. App. 1994), the court of appeals did not consider whether *Speer* is binding precedent because the record indicated that the circuit court considered the guidelines in that case.

For the reasons set forth, the judgment and order of the circuit court are affirmed.

Justice Jon P. Wilcox did not participate.