STATE of Wisconsin, Plaintiff-Respondent,

v.

Vincent T. GRADY, Defendant-Appellant.†

Court of Appeals

*No. 2005AP2424–CR. Submitted on briefs May 12, 2006.
—Decided August 24, 2006.*

2006 WI App 188

(Also reported in 722 N.W.2d 760.)

† Petition to review granted 12/6/06.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donna L. Hintze*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Eileen W. Pray*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Lundsten, P.J., Dykman and Higginbotham, JJ.

¶ 1. LUNDSTEN, P.J.   Vincent Grady asserts that he is entitled to resentencing because his sentencing court failed to consider applicable sentencing guidelines as mandated by WIS. STAT. § 973.017(2)(a) (2003–04).[1] We agree with Grady that § 973.017(2)(a) required the court to consider the guidelines. However, we need not address Grady's argument that the circuit court failed to comply with this requirement because case law and statutory history compel the conclusion that § 973.017(10) precludes appellate review of a sentencing court's failure to consider sentencing guidelines. We therefore affirm the circuit court's judgment and order.

## *Background*

¶ 2.   Grady pled guilty to two counts of armed robbery, party to a crime. The parties agree that sentencing guidelines for armed robbery were applicable to

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

Grady at the time of his sentencing and, under WIS. STAT. § 973.017(2)(a), the court was required to consider the guidelines when sentencing Grady. The sentencing court imposed consecutive terms totaling twenty years of initial confinement and ten years of extended supervision.

¶ 3. Grady filed a postconviction motion for resentencing in which he argued that the circuit court erred by not considering the guidelines. According to Grady's motion, neither the prosecutor nor the defense attorney made reference to the guidelines at sentencing and the court did not refer to them when imposing sentence. Further, according to the motion, the court's file did not contain a sentencing guidelines worksheet. The circuit court denied the motion.

## Discussion

¶ 4. Grady argues that the circuit court failed to "consider" the sentencing guidelines within the meaning of the word "consider" in WIS. STAT. § 973.017(2)(a). That subsection directs that "the court shall consider . . . the sentencing guidelines adopted by the sentencing commission . . . or . . . any applicable temporary sentencing guideline adopted by the criminal penalties study committee."[2] We need not, however, resolve

---

[2] WISCONSIN STAT. § 973.017(2)(a) reads, in full:

(2) GENERAL REQUIREMENT. When a court makes a sentencing decision concerning a person convicted of a criminal offense committed on or after February 1, 2003, the court shall consider all of the following:

(a) If the offense is a felony, the sentencing guidelines adopted by the sentencing commission under s. 973.30 or, if the sentencing commission has not adopted a guideline for the offense, any

whether the court complied with its statutory obligation to "consider" the guidelines.[3] Instead, we agree with the State that § 973.017(10) precludes appellate review of the circuit court's alleged noncompliance.

¶ 5. The statutory language at issue is this: "there is no right to appeal a court's sentencing decision based on the court's decision to depart in any way from any guideline." Wis. Stat. § 973.017(10).[4] When interpreting this language, we do not write on a clean slate. To the contrary, our conclusion in *State v. Halbert*, 147 Wis. 2d 123, 432 N.W.2d 633 (Ct. App. 1988), that prior statutory language prohibited appellate review, combined with subsequent case law and the legislature's decision to use equivalent language in the current statute, compels us to conclude that the current statute likewise prohibits appellate review.[5]

applicable temporary sentencing guideline adopted by the criminal penalties study committee created under 1997 Wisconsin Act 283.

[3] We note that the State does not respond to Grady's assertion that the circuit court failed to consider the guidelines within the meaning of Wis. Stat. § 973.017(2)(a). The State seemingly assumes or concedes that the record does not reflect circuit court compliance with this subsection.

[4] Wisconsin Stat. § 973.017(10) provides, in full:

(10) Use of guidelines; no right to or basis for appeal. The requirement under sub. (2)(a) that a court consider sentencing guidelines adopted by the sentencing commission or the criminal penalties study committee does not require a court to make a sentencing decision that is within any range or consistent with a recommendation specified in the guidelines, and there is no right to appeal a court's sentencing decision based on the court's decision to depart in any way from any guideline.

[5] The legislature has amended Wis. Stat. § 973.017 since Grady was sentenced, but the subsections relevant here remain unchanged. Therefore, we refer to § 973.017 as the "current" statute.

¶ 6. The prior statute, like the current one, required sentencing courts to consider applicable sentencing guidelines. *See* Wis. Stat. § 973.012 (1985–86) (sentencing courts "shall take the guidelines ... into consideration"). Also, like the current statute, the prior statute's language limited appellate review. The prior statute read: "There shall be no right to appeal on the basis of the trial court's decision to render a sentence that does not fall within the sentencing guidelines." *Id.* In construing this language in *Halbert*, we held that it barred this court from entertaining an appeal based on the circuit court's failure to comply with the statute. We stated: "Whatever may be the authority of the Supreme Court to exercise appellate jurisdiction in this area, it is clear that we have none. Simply put, a trial court's compliance or non-compliance with sec. 973.012, Stats., is not an appellate issue here, because the Court of Appeals has no jurisdiction." *Halbert*, 147 Wis. 2d at 132 (footnotes omitted).

¶ 7. Both the supreme court and this court subsequently characterized *Halbert* as precluding appellate review of a circuit court's failure to consider the guidelines. *See State v. Elam*, 195 Wis. 2d 683, 685, 538 N.W.2d 249 (1995) ("In [*Halbert*], the court of appeals held that a sentencing court's failure to consider the sentencing guidelines is not subject to appellate review."); *State v. Smet*, 186 Wis. 2d 24, 31 n.2, 519 N.W.2d 697 (Ct. App. 1994) ("*Halbert* held that the last sentence of § 973.012 precluded review of a circuit court's alleged failure to consider the guidelines and/or to place its reasons for deviating from the guidelines on the record.").

¶ 8. Thus, it is settled law that the prior wording ("[t]here shall be no right to appeal on the basis of the trial court's decision to render a sentence that does not

fall within the sentencing guidelines") constitutes a legislative directive that a sentencing court's failure to consider the sentencing guidelines is not subject to appellate review. The question here is whether equivalent language in the current statute should be given the same interpretation. We conclude the answer is yes.

¶ 9.  We presume that the legislature acts with full knowledge of existing case law when it enacts a statute. *Czapinski v. St. Francis Hosp., Inc.*, 2000 WI 80, ¶ 22, 236 Wis. 2d 316, 613 N.W.2d 120; *see also State v. Richard Knutson, Inc.*, 196 Wis. 2d 86, 101, 537 N.W.2d 420 (Ct. App. 1995) (" '[W]e presume that the legislature is aware that absent some kind of response this court's interpretation of the statute remains in effect.' " (quoting *State v. Olson*, 175 Wis. 2d 628, 641, 498 N.W.2d 661 (1993))). It follows that we presume the legislature, when promulgating the current statute, was aware of our decisions in *Halbert* and *Smet* and the supreme court's decision in *Elam*. It is telling, then, that the legislature chose to use strikingly similar language:

- The prior statute reads: "There shall be no right to appeal on the basis of the trial court's decision to render a sentence that does not fall within the sentencing guidelines."

- The current statute reads: "there is no right to appeal a court's sentencing decision based on the court's decision to depart in any way from any guideline."

Grady does not suggest a meaningful distinction between the two, and we do not discern one. Had the legislature intended, this time around, to permit appellate review of a court's failure to consider sentencing guidelines, it would have used language differentiating

300

the current limitation from the former limitation. Instead, the legislature chose nearly identical language. Thus, we must assume the legislature contemplated that the courts would construe the new language to limit appeals consistent with *Halbert*.[6]

¶ 10.  Grady suggests that the supreme court's decision in *State v. Gallion*, 2004 WI 42, 270 Wis. 2d 535, 678 N.W.2d 197, compels a different construction of the current statute. It is true that the *Gallion* court recognized the role and value of the sentencing guidelines, *see id.*, ¶¶ 35, 47 & n.13, 48, but the *Gallion* court did not expressly or implicitly address the issue presented here.

¶ 11.  Accordingly, we affirm the circuit court's decision denying Grady's motion for resentencing.

*By the Court.*—Judgment and order affirmed.

¶ 12.  DYKMAN, J. (*concurring*).  The majority makes heavy weather of Grady's assertion that we have jurisdiction to reverse and remand a trial court's failure to consider sentencing guidelines under Wis. Stat. § 973.017(10) (2003–04).[1] All that was necessary was the following quote from *State v. Elam*, 195 Wis. 2d 683, 685, 538 N.W.2d 249 (1995):

> We do not remand this appeal to the court of appeals because the court of appeals has already decided the issue presented in this appeal, namely whether Wis. Stat. § 973.012 (1993–94) prohibits a defendant from basing an appeal on a sentencing

---

[6] Grady presents no argument to convincingly rebut the presumption that the legislature acted with knowledge of existing case law when it enacted Wis. Stat. § 973.017.

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

301

court's failure to take sentencing guidelines into consideration. In *State v. Halbert*, 147 Wis. 2d 123, 131–32, 432 N.W.2d 633 (Ct. App. 1988), the court of appeals held that a sentencing court's failure to consider the sentencing guidelines is not subject to appellate review.

¶ 13. Because we are bound by published supreme court opinions, *Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997), I concur with the majority's mandate. Grady disagrees with this analysis, arguing that *Elam* is a per curiam opinion with three members of the court voting to affirm and three voting to reverse, the same tie vote that occurred in *State v. Speer*, 176 Wis. 2d 1101, 501 N.W.2d 429 (1993). But Grady misses the quote above in which all six members of the court concluded that in *Halbert* we held that a sentencing court's failure to consider sentencing guidelines was not subject to appellate review.

¶ 14. *Halbert* did not hold that a sentencing court's failure to consider sentencing guidelines was unreviewable. Though the majority here and several courts have cited that as *Halbert*'s holding, courts coming to this conclusion have not cited the part of *Halbert* from which this conclusion is drawn. *See Elam*, 195 Wis. 2d at 685–86; *State v. Smet*, 186 Wis. 2d 24, 30 n.2, 519 N.W.2d 697 (Ct. App. 1994).

¶ 15. I do not find much in *Halbert* supporting this conclusion. I find much that suggests the opposite. The closest *Halbert* gets to the majority's conclusion is "[Halbert] contends that the court failed to consider the guidelines and, alternatively, if the court did consider them, the form was inaccurate because it penalized Halbert for using an operable gun." *Halbert*, 147 Wis. 2d at 129. But that quote requires an inquiry into the court's answer to Halbert's contentions. The court begins its answer with: "No matter how denominated,

however, the crux of [Halbert's] complaint is that the ninety month sentence did not fall within the guidelines." *Id.* at 129–30. A footnote notes that Halbert's sentence did not fall within the guidelines. *Id.* at 130 n.2. A second footnote notes that the trial court *did* consider the guidelines. *Id.* at 130 n.3. So far, I find nothing supporting the majority's view of *Halbert's* holding.

¶ 16.    Still, the *Halbert* court wrote, "[w]hile these matters are clearly without merit," *id.* at 130, requiring a reader to determine what the court meant by "matters." It might be Halbert's two contentions, but why then the "crux of his complaint" language? If the crux of Halbert's complaint was the trial court's failure to stay within the applicable guidelines, why would it be necessary to discuss the alleged failure to consider the guidelines at all, especially when the court of appeals concluded that the trial court considered the guidelines? It is more likely that "matters" refers to the footnote within the "matters" sentence in which the court concludes that the trial court *did* consider the guidelines and the fact that Halbert's gun was not loaded. *Id.* at 130 n.3. So, while a creative analysis might focus on Halbert's contentions to reach a conclusion, so far I think the better conclusion is that the *Halbert* court didn't consider the issue of our jurisdiction to review a trial court's failure to consider guidelines because it did not have to.

¶ 17.    There is more to support my conclusion. The *Halbert* court spends a couple of pages explaining the history of guidelines and quoting Justice Bablitch in *In re Felony Sentencing Guidelines*, 120 Wis. 2d 198, 353 N.W.2d 793 (1984). This is unnecessary to a conclusion that we do not have jurisdiction to consider a trial court's failure to consider guidelines. Nor is the court's

discussion of the analysis inventive counsel might use to disguise attacks on sentences useful unless the court was referring only to arguments asserting that sentences fell outside the guidelines. *Halbert*, 147 Wis. 2d at 132–33. Why would a substantial part of the explanation of our decision in *Halbert* be unnecessary or dicta if the quick and easy conclusion was that Halbert lost because we were without jurisdiction to consider two of the three issues he raised? All that would have been necessary was an interpretation of WIS. STAT. § 973.012 (1993–94).

¶ 18.   That is how I would analyze the issue in this case if I were writing on a clean slate. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, 271 Wis. 2d 633, 681 N.W.2d 110, explains that we are to first look to the language of a statute to discern its meaning. WISCONSIN STAT. § 973.017(10) provides:

> The requirement under sub. (2) (a) that a court consider sentencing guidelines adopted by the sentencing commission or the criminal penalties study committee does not require a court to make a sentencing decision that is within any range or consistent with a recommendation specified in the guidelines, and there is no right to appeal a court's sentencing decision based on the court's decision to depart in any way from any guideline.

I get no further than a reading of this statute to conclude that it is unambiguous, at least as to whether we have jurisdiction to review a trial court's failure to consider sentencing guidelines. The dispositive phrase is:   "[A]nd there is no right to appeal a court's sentencing decision based on the court's decision to depart in any way from any guideline." Departing from a guideline is distinctly different from not considering a guideline in the first place. A legislature intent on requiring

the use of guidelines would be unlikely to require trial courts to do so and then make that requirement totally unenforceable. It is easy to understand a requirement that a new appellate issue of "sentences outside the guidelines" be prohibited. But that does not require the interpretation of § 973.017(10) that the majority adopts.

¶ 19. *Cook*, 208 Wis. 2d at 190, provides a method by which the court of appeals can present a decided issue to the supreme court:

> The court of appeals, however, is not powerless if it concludes that a prior decision of the court of appeals or the supreme court is erroneous. It may signal its disfavor to litigants, lawyers and this court by certifying the appeal to this court, explaining that it believes a prior case was wrongly decided. Alternatively, the court of appeals may decide the appeal, adhering to a prior case but stating its belief that the prior case was wrongly decided.

¶ 20. The issue of our jurisdiction to review a trial court's failure to consider guidelines has been decided, albeit, in my view, incorrectly. I respectfully disagree with the majority's holding that *Halbert* mandates that we have no jurisdiction to review a trial court's failure to consider sentencing guidelines. I concur with the majority's decision because I conclude that *Elam* holds that we do not. I write to explain my view of why the majority's view of *Halbert* is incorrect and why we do not have jurisdiction to review this issue. I do so pursuant to the court's suggestion in *Cook*.