STATE of Wisconsin, Plaintiff-Respondent,

v.

Vincent T. GRADY, Defendant-Appellant-Petitioner.†

Supreme Court

*No. 2005AP2424–CR. Oral argument March 7, 2007.*
*—Decided June 29, 2007.*

2007 WI 81

(Also reported in 734 N.W.2d 364.)

† Motion for reconsideration denied 10/11/07. See PDC 2007 WI 125.

For the defendant-appellant-petitioner there were briefs and oral argument by *Donna L. Hintze,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *Eileen W. Pray,* assistant attorney general, with whom on the brief was *J.B. Van Hollen,* attorney general.

¶ 1. JON P. WILCOX, J. This is a review of a published court of appeals decision, *State v. Grady,* 2006 WI App 188, 296 Wis. 2d 295, 722 N.W.2d 760. The court of appeals affirmed an order of the Milwaukee County Circuit Court, Jean W. DiMotto, Judge, which denied a postconviction motion for resentencing by Vincent T. Grady (Grady).

¶ 2. This appeal presents two issues. First, does Wis. Stat. § 973.017(10) (2003–04)[1] preclude appellate review of a circuit court's consideration of a sentencing guideline pursuant to Wis. Stat. § 973.017(2)(a)?[2] We hold that § 973.017(10) does not prevent review of a circuit court's consideration of an applicable sentencing guideline. Second, how does a circuit court satisfy its

[1] Wisconsin Stat. § 973.017(10) provides the following:

(10) USE OF GUIDELINES; NO RIGHT TO OR BASIS FOR APPEAL. The requirement under sub. (2)(a) that a court consider sentencing guidelines adopted by the sentencing commission or the criminal penalties study committee does not require a court to make a sentencing decision that is within any range or consistent with a recommendation specified in the guidelines, and there is no right to appeal a court's sentencing decision based on the court's decision to depart in any way from any guideline.

All subsequent references to the Wisconsin Statutes are to the 2003–04 version, unless otherwise stated.

[2] Wisconsin Stat. § 973.017(2)(a) provides the following:

§ 973.017(2)(a) obligation to consider an applicable sentencing guideline? We hold that a circuit court satisfies its § 973.017(2)(a) obligation when the record of the sentencing hearing demonstrates that the court actually considered the sentencing guidelines and so stated on the record.

¶ 3. In this case, the record of the postconviction motion hearing reveals that the sentencing judge considered the applicable guideline during the sentencing hearing. Hereafter, supplementing the record with evidence beyond the sentencing hearing will be insufficient. For sentencing hearings occurring after September 1, 2007, a circuit court satisfies its § 973.017(2)(a) obligation when the record of the sentencing hearing demonstrates that the court actually considered the sentencing guidelines and so stated on the record. Accordingly, we affirm the court of appeals.

I

¶ 4. On November 22, 2004, a sentencing hearing occurred for Grady. Grady had pleaded guilty to two counts of party to a crime pursuant to Wis. Stat. § 939.05 for armed robbery with use of force under Wis. Stat. § 943.32(2). Grady committed the offenses on

(2) GENERAL REQUIREMENTS. When a court makes a sentencing decision concerning a person convicted of a criminal offense committed on or after February 1, 2003, the court shall consider all of the following:

(a) If the offense is a felony, the sentencing guidelines adopted by the sentencing commission under s. 973.30 or, if the sentencing commission has not adopted a guideline for the offense, any applicable temporary sentencing guideline adopted by the criminal penalties study committee created under 1997 *Wisconsin Act 283.*

November 12, 2003, making § 973.017(2)(a) applicable. A sentencing guideline also existed for armed robbery at the time.

¶ 5. Grady pleaded guilty to the charges as part of a plea agreement. The State in turn dismissed the one count of conspiracy to commit armed robbery pursuant to Wis. Stat. § 939.31. As part of the plea agreement negotiations, Grady refused a deal that would have required him to testify at one of his accomplice's trials. The accomplice he refused to testify against was his uncle.

¶ 6. At the sentencing hearing, Milwaukee County Circuit Court Judge Jean W. DiMotto gave a detailed explanation of her reasoning for imposing Grady's sentence. She emphasized that Grady's character and prior criminal record did not warrant placing him on probation. Grady had already been placed under supervision on two occasions and both times subsequently committed armed robbery. The judge also concluded that Grady had consistently minimized the danger of his activities and criminality.

¶ 7. Judge DiMotto noted the degree of force used during the latest armed robberies. Grady's accomplices brandished a semi-automatic handgun, barricaded employees of the targeted restaurant in a cooler, and struck the manager in the head. The judge assessed the harm caused to the victims and the role Grady played in the offenses.

¶ 8. Judge DiMotto also discussed factors that warranted Grady receiving a longer sentence. Grady refused to testify against an accomplice, unlike another accomplice who agreed to testify. Grady also had worked at one of the targeted restaurants. Even though he knew the employees that would be terrorized by the crime, he played a pivotal role in it. Additionally, he

87

participated despite knowing that his accomplices had already murdered an employee during an attempted robbery of another restaurant only six days earlier.

¶ 9. Judge DiMotto explained that the goals of rehabilitation, punishment, protection, and deterrence were better served through confinement. Based on the seriousness of the charges and what Grady did, the judge imposed a ten-year sentence for the first count of armed robbery, party to a crime, with seven years confinement and three years extended supervision. The judge also imposed a 20–year consecutive sentence for the second count of armed robbery, party to a crime, with 13 years confinement and 7 years extended supervision.

¶ 10. During the sentencing hearing, Judge DiMotto did not refer to the applicable sentencing guideline. The record also does not include a completed sentencing guideline worksheet. No one at the sentencing hearing, including the parties, mentioned the sentencing guideline for armed robbery.

¶ 11. Grady later filed a postconviction motion seeking resentencing on the grounds that the trial court erroneously exercised its discretion by failing to consider the sentencing guideline for armed robbery. During the hearing on the motion, Judge DiMotto stated on the record that she had considered the sentencing guideline during the initial sentencing hearing. She recognized that she had failed to mention it at the time, but she compared the oversight to a scrivener's error. In a written order, Judge DiMotto stated that "the court considered the sentencing guidelines without explicitly identifying that fact and it is clearly apparent from the record that the court did so." Accordingly, the judge denied Grady's motion.

¶ 12. The court of appeals affirmed the trial court judgment and order. The court of appeals concluded that Wis. Stat. § 973.017(10) precluded appellate review of a sentencing court's failure to consider sentencing guidelines. *Grady,* 296 Wis. 2d 295, ¶ 1. Citing *State v. Halbert,* 147 Wis. 2d 123, 131, 432 N.W.2d 633 (Ct. App. 1988), the court of appeals ruled that Grady could not appeal his sentence even if the sentencing court failed to consider the applicable sentencing guideline.[3] *Grady,* 296 Wis. 2d 295, ¶ 5.

¶ 13. Grady petitioned for review by this court, which we granted.

## II

¶ 14. The issues presented in this case both involve statutory interpretation.[4] To determine whether

---

[3] Judge Dykman wrote a concurring opinion, in which he stated the following:

> The issue of our jurisdiction to review a trial court's failure to consider guidelines has been decided, albeit, in my view, incorrectly. I respectfully disagree with the majority's holding that [*State v. Halbert,* 147 Wis. 2d 123, 432 N.W.2d 633 (Ct. App. 1988)] mandates that we have no jurisdiction to review a trial court's failure to consider sentencing guidelines. I concur with the majority's decision because I conclude that [*State v. Elam,* 195 Wis. 2d 683, 538 N.W.2d 249 (1995)] holds that we do not. I write to explain my view of why the majority's view of *Halbert* is incorrect and why we do not have jurisdiction to review this issue. I do so pursuant to the court's suggestion in *Cook.*

*State v. Grady,* 2006 WI App 188, ¶ 20, 296 Wis. 2d 295, 722 N.W.2d 760. In *Cook v. Cook,* 208 Wis. 2d 166, 190, 560 N.W.2d 246 (1997), the court suggested that when the court of appeals concludes that a prior decision is erroneous, "the court of appeals may decide the appeal, adhering to a prior case but stating its belief that the prior case was wrongly decided."

[4] The State contends that Grady waived the issues presented. Grady did not waive the issues presented because he

an appellate court may review a circuit court's consideration of an applicable sentencing guideline we must interpret § 973.017(10). To determine how a sentencing court satisfies its obligation to consider any applicable sentencing guideline, we must interpret § 973.017(2)(a). Statutory interpretation presents a question of law that we review de novo. *State v. Stenklyft,* 2005 WI 71, ¶ 7, 281 Wis. 2d 484, 697 N.W.2d 769.

¶ 15. Our goal in interpreting statutory provisions is to give effect to the intent of the legislature, which we assume is expressed in the text of the statute. *State ex rel. Kalal v. Cir. Ct. for Dane County,* 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. To this end, absent ambiguity in a statute, we do not resort to extrinsic aids of interpretation and instead apply the plain meaning of the words of a statute in light of its textually manifest scope, context, and purpose. *Id.,* ¶¶ 45–46. A statute is ambiguous if it is susceptible to more than one reasonable understanding. *Id.,* ¶ 47. If a statute is ambiguous, we may examine extrinsic sources in order to guide our interpretation. *Id.,* ¶ 50.

A. Review of a Court's Consideration of a Sentencing Guideline

¶ 16. We first address whether Wis. Stat. § 973.017(10) precludes appellate review of a circuit court's consideration of an applicable sentencing guide-

filed a postconviction motion pursuant to Wis. Stat. § 809.30(2)(h). Filing a postconviction motion is a timely means of raising an alleged error by the circuit court during sentencing. *See e.g., State v. Gallion,* 2004 WI 42, ¶ 14, 270 Wis. 2d 535, 678 N.W.2d 197.

line pursuant to Wis. Stat. § 973.017(2)(a). Wisconsin Stat. § 973.017(10) provides the following:

> (10) Use of Guidelines; No right or basis for Appeal. The requirement under sub. (2)(a) that a court consider sentencing guidelines adopted by the sentencing commission or the criminal penalties study committee does not require a court to make a sentencing decision that is within any range or consistent with a recommendation specified in the guidelines, and there is no right to appeal a court's sentencing decision based on the court's decision to depart in any way from any guideline.

The plain language of the statute begins by clarifying that § 973.017(2)(a) does not require that a circuit court impose a sentence that falls within the range provided by an applicable sentencing guideline.

¶ 17. After clarifying that § 973.017(2)(a) does not require a circuit court to impose a certain sentence, § 973.017(10) provides that "there is no right to appeal a court's sentencing decision based on the court's decision to depart in any way from any guideline." Accordingly, a circuit court's departure from an applicable sentencing guideline does not provide a defendant with grounds for appeal.

¶ 18. Nothing in the language of § 973.017(10) suggests that a circuit court's failure to consider an applicable sentencing guideline pursuant to § 973.017(2)(a) is not a valid grounds for appeal. Therefore, we conclude that like the other provisions of Wis. Stat. ch. 973 that establish obligations for circuit courts during sentencing, an appellate court may review

whether or not a circuit court satisfied its § 973.017(2)(a) obligation.[5]

¶ 19. The court of appeals did not interpret § 973.017(10) as we have. A distinct interpretation of the statute's language did not cause the difference. Rather, the difference arises because the court of appeals concluded that previous holdings of appellate courts had provided an interpretation of similar statutory language and the legislature had enacted § 973.017(2)(a) with knowledge of that interpretation. *Grady,* 296 Wis. 2d 295, ¶ 5. Therefore, the court of appeals concluded the prior interpretation bound it to hold that § 973.017(10) precludes appellate review of the circuit court's consideration of an applicable sentencing guideline. *Id.,* ¶ 8.

¶ 20. A prior interpretation of a statute is applied when courts subsequently consider the same statute.

---

[5] *See, e.g., State v. Campbell,* 2006 WI 99, ¶¶ 77–78, 294 Wis. 2d 100, 718 N.W.2d 649 (court reviewed whether a circuit court properly imposed attorney fees pursuant to Wis. Stat. §§ 973.06(1)(e) and 973.09(1g)); *State v. Beets,* 124 Wis. 2d 372, 374, 369 N.W.2d 382 (1985) (court reviewed whether Wis. Stat. § 973.155(1) (1981–82) required a sentencing credit); *State v. Volk,* 2002 WI App 274, ¶¶ 35–36, 258 Wis. 2d 584, 654 N.W.2d 24 (court reviewed whether Wis. Stat. § 973.01(2) (1999–2000) permitted a penalty enhancer to be applied to the term of extended supervision); *State v. Canady,* 2000 WI App 87, ¶ 9, 234 Wis. 2d 261, 610 N.W.2d 147 (court reviewed whether the circuit court satisfied its Wis. Stat. § 973.20(1r) (1997–98) obligation related to imposing restitution); *State v. Pope,* 107 Wis. 2d 726, 731, 321 N.W.2d 359 (Ct. App. 1982) (court reviewed whether the circuit court satisfied its Wis. Stat. § 973.09(1m) (1979–80) obligation to consider the financial resources and future ability of the probationer to pay when establishing the amount of restitution and method of payment).

*Progressive Northern Ins. Co. v. Romanshek,* 2005 WI 67, ¶ 41, 281 Wis. 2d 300, 697 N.W.2d 417. The court may overturn a prior interpretation of a statute when it has been shown "not only that [the previous decision] was mistaken but also that it was objectively wrong, so that the court has a compelling reason to overrule it." *Wenke v. Gehl Co.,* 2004 WI 103, ¶ 21, 274 Wis. 2d 220, 682 N.W.2d 405. Our adherence to a previous interpretation applies to both decisions of this court and the court of appeals. *State v. Douangmala,* 2002 WI 62, ¶ 42, 253 Wis. 2d 173, 646 N.W.2d 1.

¶ 21. Four cases, both decided by this court and the court of appeals, addressed issues related to language similar to § 973.017(10). *State v. Elam,* 195 Wis. 2d 683, 538 N.W.2d 249 (1995); *State v. Speer,* 176 Wis. 2d 1101, 501 N.W.2d 429 (1993); *State v. Smet,* 186 Wis. 2d 24, 519 N.W.2d 697 (Ct. App. 1994); *Halbert,* 147 Wis. 2d 123.[6] For a variety of reasons, we conclude that

─────────────

[6] At the time all four cases were decided, the statutes included Wis. Stat. § 973.012. Wisconsin Stat. § 973.012 (1993–94) provided the following:

> Use of guidelines by judges. A sentencing court, when imposing a sentence, shall take the guidelines established under s. 973.011 into consideration. If the court does not impose a sentence in accordance with the recommendations in the guidelines, the court shall state on the record its reasons for deviating from the guidelines. There shall be no right to appeal on the basis of the trial court's decision to render a sentence that does not fall within the sentencing guidelines.

1995 Wisconsin Act 27, § 7252, repealed § 973.012.

With 2001 Wis. Act 109, the legislature enacted Wis. Stat. § 973.017. Included in § 973.017 were sections (2)(a) and (10). Wisconsin Stat. § 973.017(10) included language similar to the repealed § 973.012, stating "there is no right to appeal a court's sentencing decision based on the court's decision to depart in

none of the previous cases addressing issues related to the language of § 973.017(10) binds this court as it considers whether the statute precludes appellate review of a circuit court's failure to consider pertinent sentencing guidelines.

¶ 22. In *Halbert,* the court of appeals was not presented with the issue of whether the language of § 973.017(10) precluded an appellate court from reviewing the circuit court's failure to consider pertinent sentencing guidelines. The defendant contended that the circuit court erred when it failed to consider the sentencing guideline. The *Halbert* court noted that "[n]o matter how denominated, however, the crux of his complaint is that the ninety month sentence did not fall within the guidelines." *Halbert,* 147 Wis. 2d at 129. The facts of the case supported the court's assessment: "the [sentencing] court signed the form, which indicates the guideline was considered." *Id.* at 130 n.3. The *Halbert* court did not hold that a circuit court's failure to consider the applicable sentencing guideline was not a reviewable issue on appeal. That issue was not before the court.

¶ 23. With Halbert's contention on appeal characterized as a claim that the circuit court erred in departing from the sentencing guidelines, the *Halbert* court held that the express language of Wis. Stat. § 973.012 (1993–94) precluded its review of the issue. *Id.* at 130. Wisconsin Stat. § 973.012 explicitly stated that "[t]here shall be no right to appeal on the basis of the trial court's decision to render a sentence that does not fall within the sentencing guidelines."

any way from any guideline." Wisconsin Stat. §§ 973.017(10) and 973.017(2)(a) have not been amended since they were enacted.

¶ 24. Subsequent cases have characterized *Halbert* in a way that suggest it did reach a holding on the issue of whether a circuit court's consideration of a sentencing guideline was reviewable. First, this court stated that "[i]n *State v. Halbert,* the District I court of appeals interpreted the last sentence of sec. 973.012, Stats., as precluding review of a circuit court's alleged failure to consider the guidelines and/or to place its reasons for deviating from the record." *Speer,* 176 Wis. 2d at 1120 (citations omitted). Then, the court of appeals followed suit and stated that "*Halbert* held that the last sentence of § 973.012 precluded review of a circuit court's alleged failure to consider the guidelines and/or to place its reasons for deviating from the guidelines on the record." *Smet,* 186 Wis. 2d at 31 n.2 (citing *Speer,* 176 Wis. 2d at 1120). Finally, this court stated that "[i]n *State v. Halbert,* the court of appeals held that a sentencing court's failure to consider the sentencing guidelines is not subject to appellate review." *Elam,* 195 Wis. 2d at 685 (citations omitted).

¶ 25. The prior characterizations of *Halbert* do not represent holdings of any appellate court. In *Speer,* the issue of whether § 973.012 precluded appellate review of the circuit court's consideration of a sentencing guideline arose. However, a majority of the court did not agree on a holding related to the issue. The lead opinion stated the following in Part II:

> [T]he legislature did not intend by the language of the last sentence of [§ 973.012] to preclude appellate review of a sentence imposed without consideration of the sentencing guidelines. The last sentence of the statute is unambiguous and means what it says; a defendant has no right to appeal a sentence *solely* because the sentence exceeds the guidelines. Section 973.012, Stats., does not deprive an appellate court of jurisdic-

tion to consider whether the sentencing court erroneously exercised its discretion by failing to follow the statutory mandate to consider the sentence guidelines and state on the record its reasons for deviating from the guidelines. An appellate court must review the entire record to ascertain whether the circuit court has complied with these statutory mandates, regardless of any statements to the contrary found in *Halbert.* To the extent *Halbert* indicates otherwise, it is overruled.

*Speer,* 176 Wis. 2d at 1122–23 (citations omitted). Because only three of six justices joined Part II of the lead opinion, a majority of this court did not adopt the lead opinion's assessment of *Halbert.*[7] On other grounds, the court did unanimously affirm the judgment of the circuit court.

¶ 26. In *Smet,* the defendant relied on the lead *Speer* opinion to contend that he could seek review of whether failure to follow a sentencing guideline constituted an erroneous exercise of discretion. The State argued that *Speer* was not controlling authority on the issue of compliance with § 973.012. The *Smet* court concluded that it "need not be concerned whether *Speer* is binding precedent." *Smet,* 186 Wis. 2d at 30 n.2. The court of appeals did not reach a holding on whether a circuit court's consideration of a sentencing guideline is reviewable.

¶ 27. In *Elam,* the court again considered whether § 973.012 prohibited appellate review of a

---

[7] Chief Justice Nathan S. Heffernan, Justices Shirley S. Abrahamson and William A. Bablitch believed *Halbert* should be overruled, as articulated in Part II of the lead opinion. Justices Roland B. Day, Donald W. Steinmetz and Louis J. Ceci did not join Part II of the lead opinion. Justice Jon P. Wilcox did not participate.

circuit court's failure to consider a sentencing guideline. Like in *Speer,* the court was evenly divided on the issue.[8]

¶ 28. Up to this point, there has not been a holding that § 973.017(10) or § 973.012 precluded appellate review of a circuit court's consideration of an applicable sentencing guideline. In this case, the court is unanimous. Wisconsin Stat. § 973.017(10) does not preclude appellate review to determine whether a circuit court considered a sentencing guideline.

B. Consideration of an Applicable Sentencing Guideline

¶ 29. We now address how a circuit court satisfies its § 973.017(2)(a) obligation to consider applicable sentencing guidelines.

¶ 30. Wisconsin Stat. § 973.017(2)(a) provides that "the court shall consider . . . [i]f the offense is a felony, the sentencing guideline." Although the statute does not define "shall consider," the context of the statute provides guidance on how a sentencing court satisfies its § 973.017(2)(a) obligation. We conclude that a sentencing court satisfies its § 973.017(2)(a) obligation when the record of the sentencing hearing demonstrates that the court actually considered the sentencing guidelines and so stated on the record.

---

[8] Chief Justice Roland B. Day, Justices Donald W. Steinmetz and Janine P. Geske concluded that a circuit court's consideration of an applicable sentencing guideline was not reviewable. Justices Shirley S. Abrahamson, William A. Bablitch, and Ann Walsh Bradley would have concluded that a circuit court's failure to consider an applicable sentencing guideline was reviewable. Justice Jon P. Wilcox did not participate.

¶ 31. In sentencing, circuit courts exercise discretion. *State v. Gallion,* 2004 WI 42, ¶ 17, 270 Wis. 2d 535, 678 N.W.2d 197. A circuit court's § 973.017(2)(a) obligation is one of many that affects its exercise of discretion at sentencing. *Id.,* ¶ 43. One of the crucial aspects of exercising discretion is deciding the weight to be given to particular factors. We have long recognized that "[i]t has been made abundantly clear that the 'weight which is to be attributed to each factor is a determination which appears to be particularly within the wide discretion of the sentencing judge.' " *Anderson v. State,* 76 Wis. 2d 361, 364, 251 N.W.2d 768 (1977) (quoting *Ocanas v. State,* 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975)). In *Gallion,* we recently affirmed that "[t]he circuit court possesses wide discretion in determining what factors are relevant to its sentencing decision." *Gallion,* 270 Wis. 2d 535, ¶ 68. Circuit courts must consider numerous factors, but the depth of that consideration is part of the exercise of discretion. The same is true related to a court satisfying its § 973.017(2)(a) obligation.

¶ 32. A circuit court's exercise of discretion does not go unchecked. On appeal, appellate courts review whether the circuit court erroneously exercised it discretion when imposing a sentence. *Id.,* ¶ 17. Appellate courts "remand for sentencing or modify the sentence only when an abuse of discretion clearly appears." *McCleary v. State,* 49 Wis. 2d 263, 278, 182 N.W.2d 512 (1971). The sentence imposed by the circuit court is " 'generally afforded a strong presumption of reasonability because the circuit court is best suited to consider the relevant factors and demeanor of the con-

victed defendant.' " *Gallion,* 270 Wis. 2d 535, ¶ 18 (quoting *State v. Borrell,* 167 Wis. 2d 749, 781, 482 N.W.2d 883 (1992)).

¶ 33. The consideration of an applicable sentencing guideline must be found in the record. Appellate review of a circuit court's exercise of discretion depends on appellate courts being able to access a circuit court's acts of discretion from the record. *McCleary* established, and *Gallion* affirmed, "that the exercise of sentencing discretion must be set forth on the record." *Gallion,* 270 Wis. 2d 535, ¶ 4. *McCleary* specifically noted that "[i]f the facts are fairly inferable from the record, and the reasons indicate the consideration of legally relevant factors, the sentence should ordinarily be affirmed." *McCleary,* 49 Wis. 2d at 281. Appellate courts depend on the record to determine whether a sentencing court satisfied an obligation during sentencing. The same is true when appellate courts assess whether a circuit court satisfied its § 973.017(2)(a) obligation.

¶ 34. For a sentencing court to satisfy its § 973.017(2)(a) obligation there are not magic words that must appear in the record. The legislature has made clear that the § 973.017(2)(a) obligation "does not require a court to make a sentencing decision that is within any range or consistent with a recommendation specified in the guidelines." Wis. Stat. § 973.017(10). By requiring circuit courts to consider any applicable guideline, the legislature has indicated that courts must at least take any applicable guideline into account.

¶ 35. The consideration of an applicable guideline must occur for each sentence imposed for a sentencing court to satisfy its § 973.017(2)(a) obligation. "Individu-

99

alized sentencing, after all, has long been a cornerstone to Wisconsin's criminal justice jurisprudence." *Gallion,* 270 Wis. 2d 535, ¶ 48.

¶ 36. In this case, the record of the postconviction motion hearing reveals that the sentencing judge considered the applicable guideline during the sentencing hearing. During the hearing on Grady's postconviction motion, Judge DiMotto explicitly stated that she had considered the sentencing guideline for armed robbery when she sentenced Grady. In the order denying Grady's postconviction motion, the court also stated that it "considered the sentencing guidelines without explicitly identifying that fact and it is clearly apparent from the record that the court did so." Hereafter, supplementing the record with evidence beyond the sentencing hearing will be insufficient. Nevertheless, in this case, we are satisfied that Judge DiMotto considered the applicable sentencing guideline during Grady's sentencing hearing.

¶ 37. Grady argues that § 973.017(2)(a) requires a sentencing court to (1) complete any applicable sentencing worksheet, (2) consider the sentencing range recommended by the sentencing guideline, and (3) explain both how the sentencing guideline fits the objectives of sentencing and how the sentencing guideline influences the sentence imposed. We disagree with Grady because the three components of his interpretation each run afoul of the statute and its context.

¶ 38. First, Grady suggests that a judge must complete any applicable sentencing guideline worksheet. This is not required by the statute. Although sentencing guidelines "serve as a touchstone for explaining the reasons for the particular sentence im-

posed," they do not diminish the exercise of discretion that is fundamental to sentencing. *Gallion,* 270 Wis. 2d 535, ¶ 48. A sentencing court's consideration of an applicable sentencing guideline is one of many factors it must consider before imposing a sentence. *Id.,* ¶ 43.

¶ 39. Second, Grady contends that § 973.017(2)(a) requires sentencing courts to consider the sentencing range recommended by the sentencing guideline. This construction of § 973.017(2)(a) is too narrow to be consistent with the statutory language. Wisconsin Stat. § 973.017(2)(a) requires that a sentencing court consider "the sentencing guidelines adopted by the sentencing commission under s. 973.30 or, if the sentencing commission has not adopted a guideline for the offense, any applicable temporary sentencing guideline adopted by the criminal penalties study committee created under 1997 Wisconsin Act 283."

¶ 40. Sentencing guidelines include more than simply a sentencing range. At the time the sentencing court imposed Grady's sentence, the temporary guideline for armed robbery created by the Criminal Penalties Study Committee was in effect. The worksheet included five sections: offense severity assessment, risk assessment evaluation, armed robbery chart, adjustments to sentence indicated in chart, and imposition of sentence. The armed robbery chart provided sentencing ranges. The legislature has stated that the § 973.017(2)(a) obligation "does not require a court to make a sentencing decision that is within any range or consistent with a recommendation specified in the guidelines." Wis. Stat. § 973.017(10).

¶ 41. Third, Grady argues that § 973.017(2)(a) requires that the sentencing court explain both how the

101

sentencing guideline fits the objectives of sentencing and how the sentencing guideline influences the sentence. This construction of § 973.017(2)(a) confuses the distinction between having the obligation to state the reasons for a sentencing decision and to consider a sentencing factor. Wisconsin Stat. § 973.017(10m) provides that a sentencing court "shall state the reasons for its sentencing decision." It does not require that the sentencing court enumerate all of the factors that might have been considered in reaching the decision. It "remains within the discretion of the circuit court to discuss only those factors it believes are relevant." *State v. Stenzel,* 2004 WI App 181, ¶ 16, 276 Wis. 2d 224, 688 N.W.2d 20.

¶ 42. Grady does not argue that the court failed to satisfy its § 973.017(10m) obligation to state the reasons for its sentencing decision. His sole complaint relates to the sentencing court's failure to consider the applicable sentencing guideline. Wisconsin Stat. § 973.017(2)(a) does not include language that suggests that considering a sentencing guideline means the sentencing court must explain both how the sentencing guideline fits the objectives of sentencing and how the sentencing guideline influences the sentence imposed. From the language of § 973.017(2)(a), a sentencing court must consider an applicable guideline, not explain it.

¶ 43. Grady's contention that § 973.017(2)(a) requires an explanation on the record is similar to that put forward by the defendant in *State v. Echols:*

> The defendant asks this court to adopt a new rule of law requiring a sentencing court to specifically address on the record each of the factors . . . . We refuse to adopt such a rule. The trial court is in the best position to determine the relevant factors in each particular case.

102

*State v. Echols,* 175 Wis. 2d 653, 683, 499 N.W.2d 631 (1993). For the same reason, we reject Grady's suggestion that § 973.017(2)(a) requires the sentencing court to explain its use of any applicable guideline.

¶ 44. Based on the enacted language and context, we hold that a circuit court satisfies its § 973.017(2)(a) obligation when the record of the sentencing hearing demonstrates that the court actually considered the sentencing guidelines and so stated on the record.

¶ 45. Although the concept of sentencing guidelines has existed for over 25 years, there has been uncertainty about their use. Because our holding will require different practices by circuit courts sentencing defendants, this decision will become effective for any sentencing occurring after September 1, 2007.

### III

¶ 46. In sum, § 973.017(10) does not prevent review of a circuit court's consideration of an applicable sentencing guideline pursuant to § 973.017(2)(a). A circuit court satisfies its § 973.017(2)(a) obligation when the record of the sentencing hearing demonstrates that the court actually considered the sentencing guidelines and so stated on the record.

*By the Court.*—The decision of the court of appeals is affirmed.