STATE of Wisconsin,
Plaintiff-Respondent,

v.

Vincent T. GRADY,
Defendant-Appellant-Petitioner

Supreme Court

*No. 2005AP2424–CR. Decided October 11, 2007.*

2007 WI 125

(Also reported in 739 N.W.2d 488.)

¶ 1. PER CURIAM. Petitioner Vincent T. Grady moves this court for reconsideration of its opinion in *State v. Grady,* 2007 WI 81, 302 Wis. 2d 80, 734 N.W.2d 364, issued June 29, 2007, for the limited purpose of clarifying the court's opinion to remove an alleged ambiguity about the effective date of parts of the opinion.

¶ 2. The motion for reconsideration is denied. We decline to revise the language of the opinion. However, having carefully considered the petitioner's request, the court restates its principal conclusions:

A. For sentencing occurring after September 1, 2007, a circuit court satisfies its Wis. Stat. § 973.017(2)(a)

obligation when the record of the sentencing hearing demonstrates that the court actually considered the sentencing guidelines and so stated on the record. Accordingly, when a circuit court's consideration of sentencing guidelines is reviewed, the reviewing court may not supplement the sentencing record with evidence outside the sentencing hearing for any sentencing occurring after September 1, 2007. Whether a circuit court has met its § 973.017(2)(a) obligation in a sentencing after that date must be determined from the record of the sentencing hearing.

B. The prospective application of the rule stated above does not affect other parts of the *Grady* opinion. Thus, the opinion's affirmation of both the circuit court's duty under Wis. Stat. § 973.017(2)(a) to consider any applicable sentencing guidelines and appellate authority to review the circuit court's compliance with this statute, apply to all sentencing procedures, retroactively as well as prospectively.

¶ 3.  Accordingly, the motion for reconsideration is denied.

¶ 4.  ANNETTE KINGSLAND ZIEGLER, J., did not participate.