WISCONSIN PROSPERITY NETWORK,
The MacIver Institute for Public Policy, Inc.,
Americans for Prosperity, Reverend David King,
Concerned Citizens of Iowa County, Inc., Daniel
O. Curran, Oriannah Paul, The Sheboygan
Liberty Coalition, Kimberly J. Simac and
Northwoods Patriot Group, Inc., Petitioners,

v.

Gordon MYSE, Chair of
the Wisconsin Government Accountability Board,
Thomas Barland it's Vice-Chair; each of its other
members, Michael Brennan, Thomas Cane,
Gerald C. Nichol, David G. Deininger and Kevin
Kennedy its Director & General Counsel; each
only in his official capacity, Respondents,

Mary BELL and Wisconsin Education Association
Council, Intervenors-Respondents.

Supreme Court

*No. 2010AP1937–OA. Oral argument September 6, 2011.
—Decided March 19, 2012.*

2012 WI 27

(Also reported in 810 N.W.2d 356.)

For the petitioners there were briefs filed by *James R. Troupis, Sarah E. Troupis, Christ T. Troupis and Troupis Law Office LLC*, Middleton, *Richard M. Esenberg* and *Wisconsin Institute for Law & Liberty*, Milwaukee, and *Michael D. Dean* and *First Freedoms Foundation, Inc.*, Waukesha, and oral argument by *Richard M. Esenberg*.

For the respondents the cause was argued by *Thomas C. Bellavia,* assistant attorney general, with whom on the brief was *J.B. Van Hollen,* attorney general.

For the intervenors-respondents there was a brief filed by *Robert H. Friebert, Matthew W. O'Neill, Jeremy P. Levinson and Friebert, Finerty & St. John, S.C.*, Milwaukee, and *Kurt Kobelt* and *Wisconsin Education Association Counsel*, Madison, and oral argument by *Matthew W. O'Neill.*

Amicus curiae briefs were filed on behalf of the Center for Media and Democracy by *Ben Manski* of *Liberty Tree Foundation,* Madison, The Brennan Center for Justice at NYU School of Law, by *J. Adam Skaggs, Mark Ladov,* and *Mimi Marziani* of *the Brennan Center for Justice at NYU School of Law,* New York, and *Edwin J. Hughes* and *Stafford Rosenbaum LLP,* Madison, the Center for Competitive Politics by *Mitchell R. Olson* and *Axley Brynelson, LLP,* Madison, and the Institute for Justice by *Lee U. McGrath, Anthony B. Sanders,* and *Jason A. Adkins* of the *Institute for Justice Minnesota Chapter,* Minneapolis.

¶ 1. PER CURIAM. On August 9, 2010, a petition for an original action was filed by Wisconsin Prosperity Network, Inc., The MacIver Institute for Public Policy, Inc., Americans for Prosperity, Reverend David King, Concerned Citizens of Iowa County, Inc., Daniel O. Curran, Oriannah Paul, The Sheboygan Liberty Coalition, Kimberly J. Simac, and Northwoods Patriot Group, Inc. A response was filed by Gordon Myse, Thomas Barland, Michael Brennan, Thomas Cane, Gerald C. Nichol, David Deininger, and Kevin Kennedy, each in his respective official capacity as an officer, member, counsel or employee of the Wisconsin Government Accountability Board (GAB). On August 13, 2010, this court enjoined the GAB from enforcing the amendments to Wis. Admin. Code § GAB 1.28 published on July 31, 2010, pending further order of this court.

¶ 2. On November 30, 2010, after considering the petitioners' and respondents' briefs regarding whether the petition warranted the exercise of this court's original jurisdiction, this court granted leave to commence the original action and assumed jurisdiction over

the action. On the same day, we granted a motion by Mary Bell and the Wisconsin Education Association Council to intervene.

¶ 3.   The court received briefs on the merits from the parties and held oral argument on September 6, 2011. After considering the parties' briefs and arguments, the six participating justices unanimously agree that the August 13, 2010 order enjoining the respondents from enforcing the July 31, 2010 amendments to Wis. Admin. Code § GAB 1.28 should be vacated. Nevertheless, the court is equally divided on the rationale. Chief Justice Shirley S. Abrahamson, Justice Ann Walsh Bradley, and Justice N. Patrick Crooks would conclude that the GAB had authority under Wis. Stat. §§ 5.05(1)(f) and 227.11 to promulgate the July 31, 2010 amendments to Wis. Admin. Code § GAB 1.28. They would conclude that the amendments are not facially invalid under the First Amendment of the United States Constitution or Article I, Section 3 of the Wisconsin Constitution. Justice Patience Drake Roggensack, Justice Annette Kingsland Ziegler, and Justice Michael J. Gableman would dismiss the action on the ground that an original action was improvidently granted.

¶ 4.   When this court splits evenly, the court of appeals' decision is affirmed if the case is before this court on a petition for review, or the cause is remanded to the court of appeals for further proceedings if it is before this court on a bypass or certification. *State v. Elam,* 195 Wis. 2d 683, 684–85, 538 N.W.2d 249 (1995). This case, however, is not before the court on a petition for review, bypass, or certification but rather as an original action pursuant to a petition for leave to commence an original action seeking declaratory relief and a request for temporary injunctive relief enjoining the enforcement of the amendments to Wis. Admin. Code § GAB 1.28.

¶ 5. Accordingly, the original action pending before this court is dismissed and the August 13, 2010 order enjoining the respondents from enforcing the July 31, 2010 amendments to Wis. Admin. Code § GAB 1.28 is vacated.

¶ 6. Justice DAVID T. PROSSER, JR. withdrew from participation.

¶ 7. SHIRLEY S. ABRAHAMSON, C.J. (*concurring*). On August 9, 2010, about one and one-half years ago, the petitioners asked the court to take jurisdiction of an original action challenging rules adopted by the Government Accountability Board.

¶ 8. Four days later, even before the court accepted the original action, Justices Prosser, Roggensack, Ziegler, and Gableman voted to enjoin the Government Accountability Board from enforcing the rules the petitioners were challenging. (Justices Bradley, Crooks, and I dissented.) The court accepted the original action on November 30, 2010, leaving the injunction in place.

¶ 9. Justices Roggensack, Ziegler, and Gableman now conclude, without any explanation, that the original action was improvidently granted. This vote for dismissal is very surprising given that in the order granting the temporary injunction, the justices determined that the petitioners had met their burden to show, among other matters, "a likelihood of success on the merits."

¶ 10. Because the three justices do not explain their vote for dismissal, we are left to wonder why they now fail to address the merits of the petition.