COURT OF APPEALS
DECISION
DATED AND FILED

October 17, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP153-CR**

Cir. Ct. No. **2017CT266**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

  PLAINTIFF-APPELLANT,

V.

JOHN W. LANE,

  DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Portage County: THOMAS T. FLUGAUR, Judge. *Reversed and cause remanded with directions.*

¶1    FITZPATRICK, J.[1]  The State appeals an order of the Portage County Circuit Court suppressing the results of blood alcohol testing of John Lane's blood.  Lane, who was arrested for operating a motor vehicle while under

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

the influence of an intoxicant (OWI), consented to the taking of a sample of his blood for the purpose of determining his blood alcohol concentration. Before the Wisconsin State Laboratory of Hygiene tested the sample, Lane sent a letter to the laboratory revoking his consent to test the sample. The question before this court is whether the testing of Lane's blood following his revocation of consent violated Lane's Fourth Amendment right to be free from an unreasonable search. This is the same question recently addressed by our supreme court in *State v. Randall*, 2019 WI 80, 387 Wis. 2d 744, 930 N.W.2d 223. I conclude that the *Randall* decision controls here and requires that this court reverse the circuit court's order of suppression.

## BACKGROUND

¶2 On August 21, 2017, Lane was arrested for OWI, third offense. Lane was transported to a hospital where he consented to a blood draw. Two samples of Lane's blood were drawn, and the arresting officer sent the samples to the Wisconsin State Laboratory of Hygiene for testing.

¶3 Lane's attorney sent a letter, dated August 28, 2017, to the State Laboratory indicating that Lane "revokes any previous consent that he may have provided to the collection and analysis of his blood." A copy of the letter was sent to the Portage County District Attorney's Office. On September 5, 2017, the State Laboratory tested Lane's blood sample. The State Laboratory's test showed that Lane's blood sample had an alcohol concentration of .152 g/100mL.

¶4 Lane was charged with OWI, third offense, and operating a motor vehicle with a prohibited alcohol concentration, third offense. Lane requested that the circuit court suppress the results of the blood test on the ground that the testing

of his blood, after he withdrew consent, violated his rights under the Fourth Amendment. The circuit court agreed with Lane and granted Lane's motion.

¶5     The State sought leave to appeal the circuit court's non-final suppression order. This court granted the State's request. *See* WIS. STAT. § 808.03(2). This appeal follows.

## DISCUSSION

¶6     When reviewing an order granting a motion to suppress evidence, this court upholds the circuit court's findings of fact unless those findings are clearly erroneous. ***State v. Iverson***, 2015 WI 101, ¶18, 365 Wis. 2d 302, 871 N.W.2d 661. However, this court applies the relevant legal principles to those facts de novo. ***State v. Hogan***, 2015 WI 76, ¶32, 364 Wis. 2d 167, 868 N.W.2d 124.

¶7     The issue in this case was recently addressed by our supreme court in ***Randall***. In ***Randall***, the defendant consented to a blood draw, then attempted to withdraw that consent before her blood was tested, but the blood was tested anyway. ***Randall***, 387 Wis. 2d 744, ¶1. The defendant in ***Randall*** argued that the testing of her blood was a search within the meaning of the Fourth Amendment, and that the testing was an unconstitutional warrantless search because the only possible justification for the testing was her consent, which she had withdrawn before the blood sample was tested. *See **id.***, ¶¶5, 8, 11, 14-16. A lead opinion, joined by one justice, a concurring opinion, that was joined by two justices, and a dissenting opinion were issued by the supreme court in ***Randall***. *See **id.***, ¶¶40-41. The lead and concurring opinions agreed that Randall's withdrawal of consent to test her blood sample did not affect the constitutionality of the testing of the blood

for the presence of alcohol. *See id.*, ¶¶1 n.1, 36-38; *id.*, ¶¶41-42 (Roggensack, C.J., concurring).

¶8 Lane argues that the "precedential value [of *Randall*] is curtailed" and that it would be "incorrect to fully rely on *Randall*" in this case because the supreme court's decision was "fractured" and "[t]here was no agreement as to the legal basis upon which … Randall's consent could not be withdrawn."[2] The State replies that the *Randall* decision is not fractured because a majority of the participating justices agreed that the defendant in *Randall* did not have a privacy interest in the blood sample. I agree with the State.

¶9 Both the lead and concurring opinions in *Randall* agree that a defendant who has been arrested for intoxicated driving, and whose blood is drawn after the defendant's consent, does not have a reasonable expectation of privacy in the alcohol content of the blood. *See id.*, ¶39 n.14; *id.*, ¶¶41-42 (Roggensack, C.J., concurring). The lead and concurring opinions also agree that, under those circumstances, a defendant's withdrawal of consent has no affect on the constitutionality of the testing of the blood drawn for the presence of alcohol. *See id.*, ¶¶1 n.1, 36-38; *id.*, ¶¶41-42 (Roggensack, C.J., concurring); *see also **State v. Ayotte***, unpublished slip op. No. 18AP839, ¶8 (WI App July 25, 2019)

---

[2] Lane asserts that the lead and concurring opinions in *Randall* differ in that the lead opinion "relies on the legal theories of a reduced privacy interest incident to arrest," whereas the concurring opinion "concludes the … defendant had no privacy interest in the alcohol concentration in her blood." To the extent that Lane is arguing the opinions are not in agreement because the lead opinion recognizes that a defendant has been arrested and the concurring opinion does not, Lane misinterprets the concurring opinion. The concurring opinion states its conclusion, more than once, that "a defendant *who has been arrested* for [OWI] has no reasonable expectation of privacy in the alcohol concentration of the blood sample that has been lawfully seized." *State v. Randall*, 2019 WI 80, ¶¶42, 75, 76, 387 Wis. 2d 744, 930 N.W.2d 223 (emphasis added).

(concluding that the lead and concurring opinions in *Randall* agree on this point). A majority of the participating justices joined the lead and concurring opinions in *Randall*. When "a majority of the participating judges … agree[] on a particular point … [that point is] considered the opinion of the court." *State v. Elam*, 195 Wis. 2d 683, 685, 538 N.W.2d 249 (1995). Thus, I am bound by the lead and concurring opinions' agreed conclusion that testing a blood sample taken from a defendant who consented to the blood draw and is arrested for OWI, after the defendant withdraws consent, does not implicate Fourth Amendment protections.[3] *See Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997).

¶10   Lane also argues that, if the lead and concurring opinions in *Randall* establish binding precedent, that precedent is not controlling in this case because the facts here are distinguishable from those in *Randall*. Lane asserts that, unlike the defendant in *Randall*, who "clear[ly], [and] unequivocal[ly] … consent[ed]," Lane "did not readily agree to the blood test." Lane contends that he indicated first that he would prefer a breath test, and then "he 'mumbled' something that the officer stated [the officer] did not hear" which are "indicat[ions] [Lane] did not wish to [consent]" to a blood test.

¶11   I reject Lane's argument. Lane does not argue that, in fact, he did not consent and, at the suppression hearing, the arresting officer testified that he asked Lane to submit to a blood test, that Lane understood that the officer was asking Lane to submit to a blood test, and that Lane stated "he would." Moreover, I agree with the State that Lane does not point out why the purported differences

---

[3] Because I have concluded that *Randall* is controlling, I do not address the parties' arguments that ignore *Randall* and address whether, under case law other than *Randall*, Lane's withdrawal of consent implicated Fourth Amendment protections.

between the facts of ***Randall*** and this case matter to the result.[4] *See* ***State v. Pettit***, 171 Wis. 2d 627, 646-67, 492 N.W.2d 933 (Ct. App. 1992) (this court will not decide undeveloped legal arguments).

## CONCLUSION

¶12    For the foregoing reasons, the order of the circuit court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* Wis. Stat. Rule 809.23(1)(b)4.

---

[4] The State contends that Lane did not raise this argument in the circuit court, but I need not resolve that contention.