STATE of Wisconsin, Plaintiff-Respondent,

v.

RICHARD KNUTSON, INC., Defendant-Appellant.

Supreme Court

*No. 93–1898–CR. Oral argument November 30, 1994.—Decided March 14, 1995.*

(Also reported in 528 N.W.2d 430.)

For the defendant-appellant there were briefs by *John H. Hinderaker, Scott W. Johnson, Ann Marie Hanrahan* and *Faegre & Benson,* Minneapolis, MN and

oral argument by *Ann Marie Hanrahan* and *Scott W. Johnson.*

For the plaintiff-respondent the cause was argued by *Daniel J. O'Brien,* assistant attorney general with whom on the brief was *James E. Doyle,* attorney general.

PER CURIAM. The court is equally divided on whether to affirm or reverse the judgment of the circuit court for Waukesha County. Justice DAY, Justice ABRAHAMSON, and Justice BABLITCH would affirm. Chief Justice HEFFERNAN, Justice STEINMETZ, and Justice GESKE would reverse. Justice WILCOX did not participate.

Upon consideration, we conclude that the better course of action when a certification or bypass results in a tie vote by this court is to vacate our decision to certify or bypass and remand to the court of appeals. We thus overrule *Wisconsin Pub. Power, Inc. Sys. v. Thompson,* 174 Wis. 2d 705, 497 N.W.2d 723 (1993), and *Local 257 of Hotel & Restaurant Employees & Bartenders Int'l Union v. Wilson St. East Dinner Playhouse, Inc.,* 126 Wis. 2d 284, 375 N.W.2d 664 (1985).

A petition for review comes to this court after a full review and opinion by the court of appeals. If the result here is a tie vote, thus affirming the court of appeals' decision, the parties at the least have had a full review and opinion by an appellate court. Not so in the case of a tie vote in this court on a certification or bypass. If we allow the circuit court's decision to stand, the parties have in effect been denied a full appellate review and opinion. We conclude justice is better served in such an

instance by remanding to the court of appeals for their consideration.

Accordingly, we vacate our decision to certify and remand to the court of appeals.

*By the Court.*—Decision to certify vacated and cause remanded.