STATE of Wisconsin EX REL. William E. MARBERRY, Petitioner-Appellant,

v.

Phillip G. MACHT, Superintendent, Wisconsin Resource Center, and Joseph S. Leean, Secretary, Department of Health and Family Services, Respondents-Respondents.

Supreme Court

*No. 99–2446. Oral argument January 4, 2001.—Decided March 13, 2001.*

2001 WI 19

(Also reported in 623 N.W.2d 135.)

For the petitioner-appellant there were briefs and oral argument by *Donald T. Lang*, assistant state public defender.

For the respondents-respondents the cause was argued by *Marguerite M. Moeller*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. PER CURIAM. The court is equally divided on the resolution of this appeal. Justice Prosser did not participate. Justice Wilcox, Justice Crooks, and Justice Sykes would affirm the order of the circuit court for Winnebago County. Chief Justice Abrahamson, Justice Bablitch, and Justice Bradley would issue the following order seeking additional briefing in this court:

> This court, having reviewed the record, having considered the briefs submitted by the parties, and having heard oral argument and, specifically, having heard the Assistant Attorney General advise the court that committees have not timely received statutorily required six-month evaluations and that the Department will not have completed timely examinations until May 1, 2001, concludes that additional information and additional briefs would be helpful.
>
> Therefore, IT IS ORDERED that Petitioner-Appellant William E. Marberry, and Respondents-Respondents, Phillip G. Macht, Superintendent, Wisconsin Resources Center, and Joseph S. Leean, Secretary, Department of Health and Family Ser-

vices, address the following questions in additional briefs:

1. What facts exist to explain Respondents' failure to examine committee Marberry until more than eighteen months after the time period specified in Wis. Stat. § 980.07(1) and more than ten months after the circuit court ordered Respondents to conduct a prompt examination? What facts existed in the past regarding the Respondents' inability to periodically examine Chapter 980, Wis. Stats., committees in accordance with the statutory requirements in Wis. Stat. § 980.07(1)? What are the projections of future expanded or new facilities and additional staffing that will enable the Respondents to comply with the statute in the future? Is it necessary to remand the cause to the circuit court to determine these facts?

2. Does the Respondents' explanation for the failure to perform the periodic examinations on committee Marberry required under Wis. Stat. § 980.07(1) provide a valid excuse under the law for the failure to comply therewith? Does the Respondents' explanation for the failure to perform the prompt periodic examination on Marberry required by the circuit court order provide a valid excuse under the law for the failure to comply therewith?

3. If Respondents have failed to follow Wis. Stat. § 980.07(1) in regard to timely periodic examinations on Marberry and other committees or if Respondents in the future fail to follow the statute, should the court hold that the statute is facially unconstitutional on equal

protection or due process grounds or as applied?

4. What effect, if any, does the decision in *Seling v. Young*, 121 S.Ct. 727 (2001), have on this case?

5. If compliance with the periodic examination provision set forth in Wis. Stat. § 980.07(1) is required, but the statute nonetheless allows a reasonable deviation from the six-month time limit therein, what would be a reasonable amount of time for the examination after the six-month period has expired?

6. If compliance with the periodic examination provision set forth in Wis. Stat. § 980.07(1) is required but the statute nonetheless allows a reasonable deviation from the six-month time limit set forth therein, what remedies are available to Marberry or other Chapter 980 committees if the Respondents' failure to examine the committee within a reasonable amount of time after the six-month time period set forth therein? Address the availability, advisability, and effectiveness of each remedy for Marberry and other committees who have not been timely examined, including but not limited to the following: release; remedial contempt; punitive contempt; damages and attorneys' fees under Wis. Stat. § 51.61(7); damages and attorneys' fees under 42 U.S.C. § 1983; writ of habeas corpus; writ of mandamus; supervised release under Wis. Stat. § 980.08; and the appointment of an independent expert by the court to examine and report to the court on the committee.

7. If the Respondents' violation of Wis. Stat. § 980.07(1) requires release of Marberry or any Chapter 980 committee, may the Respondents pursue commitment proceedings against a released committee under Chapter 51, Wis. Stats.?

8. In deciding the remedies available to Marberry, should this court apply its holding prospectively only ("sunbursting"), that is, only to committees who in the future are not examined timely in accordance with the statute? If the court were to "sunburst," may this court's holding about remedies apply prospectively from the date the opinion is mandated or may a future date be used? If a future date is used, what date should that be? If the court applies its holding prospectively only, should the court apply the holding about remedies to Marberry? Must it?

¶ 2. Because the court is equally divided as to the resolution of this appeal, we vacate our decision to certify and remand to the court of appeals. *State v. Knutson*, 191 Wis. 2d 395, 528 N.W.2d 430 (1995).

*By the Court.*—Decision to certify vacated and cause remanded.