Martin G. Wenke and Dakota M. Wenke, a minor, by his Guardian ad Litem, Lynn R. Laufenberg, Plaintiffs-Appellants,†

v.

Gehl Company, a Wisconsin corporation, Defendant-Respondent.

Court of Appeals

*No. 01–2649. Submitted on briefs August 11, 2003.—Decided August 20, 2003.*

2003 WI App 189

(Also reported in 669 N.W.2d 789.)

† Petition to review granted 12-16-03.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Lynn R. Laufenberg* of *Laufenberg & Hoefle, S.C.*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Francis H. LoCoco* and *Daniel J. La Fave* of *Quarles & Brady, LLP*, Milwaukee.

A nonparty brief was filed by *Ralph A. Weber* and *Beth Ermatinger Hanan* of *Reinhart, Boerner, Van Deuren, S.C.* of Milwaukee for Wisconsin Manufacturers and Commerce.

A nonparty brief was filed by *William C. Gleisner, III*, of Madison, and *David M. Skoglind* of *Aiken & Scoptur, S.C.* of Milwaukee for Wisconsin Academy of Trial Lawyers.

Before Brown, Nettesheim and Snyder, JJ.

¶ 1. SNYDER, J.   Martin G. Wenke and Dakota M. Wenke, a minor, (collectively, Wenke) appeal from a summary judgment in favor of Gehl Company (Gehl). Wenke argues that the circuit court failed to distinguish between a statute of limitations and a statute of repose; specifically, Wenke argues that the circuit court miscon-

strued the significance of *Landis v. Physicians Insurance Co. of Wisconsin, Inc.*, 2001 WI 86, 245 Wis. 2d 1, 628 N.W.2d 893, and was required to follow the holding of *Leverence v. United States Fidelity & Guaranty*, 158 Wis. 2d 64, 462 N.W.2d 218 (Ct. App. 1990). We disagree and conclude that *Landis* functionally overruled *Leverence*. We affirm the judgment of the circuit court.

## FACTS

¶ 2.   On September 12, 1997, Martin Wenke's right arm was amputated while he was attempting to remove hay from the front of a Gehl Model RB1450 baler. At the time of the incident, Wenke was an Iowa resident. The baler was designed and manufactured by Gehl Company whose principal business operations are in West Bend, Wisconsin. The baler in question was first sold by Gehl to another Iowa resident on May 26, 1981.

¶ 3.   Wenke commenced this action in Wisconsin on August 18, 1999. On January 31, 2000, Gehl moved for summary judgment on the grounds that Iowa's statute of repose prohibited Wenke's claim. Iowa's statute of repose provides that no product liability action may be commenced "more than fifteen years after the product was first purchased." Thus, the time period for filing a product liability action would have expired on May 26, 1996.

¶ 4.   Gehl argued that *Leverence*, which held that Wisconsin's Borrowing Statute has no application to a foreign state's statute of repose, was erroneously decided. *See Leverence*, 158 Wis. 2d at 92–93. Gehl's summary judgment motion was denied. Gehl unsuccessfully sought interlocutory review of this decision.

¶ 5.   On June 8, 2001, Gehl filed a motion for reconsideration of this earlier summary judgment ruling, based upon the Wisconsin Supreme Court's deci-

sion in *Aicher v. Wisconsin Patients Compensation Fund*, 2000 WI 98, 237 Wis. 2d 99, 613 N.W.2d 849, arguing that *Aicher* undercut the *Leverence* decision. This motion was denied.

¶ 6.  On July 17, 2001, Gehl renewed its motion for reconsideration of the summary judgment decision, based upon the Wisconsin Supreme Court's recent decision in *Landis*. After a hearing on August 6, 2001, the circuit court acknowledged that *Landis* did not explicitly overrule *Leverence* but stated that it must follow the holding of *Landis* where it conflicted with *Leverence* and granted Gehl's motion for summary judgment, concluding that Iowa's fifteen-year statute of repose barred the action based upon Wisconsin's Borrowing Statute. Wenke appealed.

¶ 7.  On June 12, 2002, we certified the following issue to the Wisconsin Supreme Court:  Whether the holding of *Leverence*, distinguishing between statutes of limitations and statutes of repose, was functionally overruled by *Landis*. The Wisconsin Supreme Court accepted certification of this issue; however, on July 8, 2003, the supreme court issued a decision, with one justice not participating, indicating that the court was equally divided on whether to affirm or reverse the judgment. Based upon this tie vote, the supreme court vacated its acceptance of our certification and remanded the cause to us. *See State v. Richard Knutson, Inc.*, 191 Wis. 2d 395, 396–97, 528 N.W.2d 430 (1995).[1]

---

[1] After remand, we received and considered amicus curiae briefs from Wisconsin Manufacturers and Commerce and the Wisconsin Academy of Trial Lawyers. We appreciate their interest and efforts.

## DISCUSSION

¶ 8.    We first summarize the two cases at issue. *Leverence* was an insurance coverage case where 798 occupants of homes built by Tri-State Homes brought strict liability and negligence actions against Tri-State's insurers and an inspection service. *Leverence*, 158 Wis. 2d at 71–72. The occupants alleged that their homes retained excessive moisture within their interior walls, which promoted mold, mildew, fungus, spores and other toxins that presented a continuing health risk and adversely affected the value of the homes. *Id.* at 72. Tri-State manufactured prefabricated homes during the 1970s and 1980s and marketed them in northern Wisconsin, Minnesota and Michigan. *Id.* Tri-State's insurers provided comprehensive general liability insurance coverage to Tri-State. *Id.*

¶ 9.    The *Leverence* trial court held that the insurers were entitled to summary judgment because Tri-State had failed to provide timely notice of an occurrence as required by the policies, that the inspection agency had no duty to the occupants independent of its contractual obligations to Tri-State and that the occupants failed to demonstrate any breach of those contractual obligations. *Id.* at 71. Despite the dispositive nature of these rulings, the trial court went on to rule on other policy defenses raised by the insurance companies; the said rulings were challenged on appeal by the homeowners and on cross-appeal by the insurers. *Id.*

¶ 10.    We reversed the trial court on the summary judgment issue, concluding that there were issues of material fact on the notice of occurrence issue. *Id.* However, we affirmed the judgment on the cross-appeal

issues. *Id.* at 71–72. Specifically, the insurers had argued that Minnesota's statute of repose applied to the Minnesota plaintiffs by virtue of Wisconsin's Borrowing Statute, Wis. Stat. § 893.07 (2001–02).[2] *Leverence,* 158 Wis. 2d at 90. Minnesota's statute of repose provided that no action arising out of a defective condition of an improvement to real property may be brought more than ten years after substantial completion of construction. *Id.* at 90–91. Wisconsin's Borrowing Statute provided: "If an action is brought in this state on a foreign cause of action and the foreign period of limitation which applies has expired, no action may be maintained in this state." *Id.* at 91; *see also* § 893.07(1).

¶ 11. We specifically distinguished between statutes of limitations and statutes of repose:

> A period of limitation bars an action if the plaintiff does not file suit within a set period of time from the date on which the cause of action accrued. In contrast, a period of repose bars a suit a fixed number of years after an action by the defendant (such as manufacturing a product), even if this period ends before the plaintiff suffers any injury.

*Leverence,* 158 Wis. 2d at 92 (citation omitted).

¶ 12. "[I]n Wisconsin, limitations are not treated as statutes of repose." *Id.* at 91 (citation omitted). We expressly rejected the insurers' argument that statutes of repose and limitations are without distinction and concluded that the plain language of Wisconsin's Borrowing Statute, Wis. Stat. § 893.07,[3] mandated its application only to statutes of limitations, not to statutes of repose. *Leverence,* 158 Wis. 2d at 90–92.

---

[2] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

[3] Wisconsin Stat. § 893.07 reads as follows:

¶ 13. However, the Wisconsin Supreme Court's ruling in *Landis* seems to directly contradict this language. In *Landis*, Phyllis M. Landis sued Physicians Insurance Company, the Midelfort Clinic, the Mayo Health System, Luther Hospital, the Wisconsin Patients Compensation Fund and a heart surgeon for alleged medical malpractice resulting in the death of her husband. *Landis*, 245 Wis. 2d 1, ¶ 1. The defendants filed a motion to dismiss the complaint relying on WIS. STAT. § 893.55(1)(b) in asserting that the five-year time limit in this statute for filing a medical malpractice action expired before the commencement of the action. *Landis*, 245 Wis. 2d 1, ¶ 2. The circuit court disagreed and denied the motion to dismiss, concluding that the mediation process mandated by WIS. STAT. § 655.44,[4] in particular the tolling provision in subsec. (4), tolled the five-year limitation. *Landis*, 245 Wis. 2d 1, ¶ 2.

¶ 14. We granted the defendants leave to appeal this nonfinal order and reversed the circuit court's decision, determining that the WIS. STAT. § 655.44 me-

(1) If an action is brought in this state on a foreign cause of action and the foreign *period of limitation* which applies has expired, no action may be maintained in this state.

(2) If an action is brought in this state on a foreign cause of action and the foreign *period of limitation* which applies to that action has not expired, but the applicable Wisconsin *period of limitation* has expired, no action may be maintained in this state. (Emphasis added.)

[4] WISCONSIN STAT. § 655.44(4) states:

STATUTE OF LIMITATIONS. Any applicable *statute of limitations* is tolled on the date the director of state courts receives the request for mediation if delivered in person or on the date of mailing if sent by registered mail. The statute remains tolled until 30 days after the last day of the mediation period under s. 655.465(7). (Emphasis added.)

diation process did not toll the five-year limitation. *Landis*, 245 Wis. 2d 1, ¶ 3. We concluded that the five-year limitation in WIS. STAT. § 893.55(1)(b), which operates as a statute of repose, was not tolled because § 655.44(4) tolled any applicable statute of limitations but not any applicable statute of repose. *Landis*, 245 Wis. 2d 1, ¶ 3. We specifically noted the distinction between statutes of limitations and statutes of repose. *Id.*

¶ 15.   The Wisconsin Supreme Court reversed our decision, concluding that when the legislature wrote the language in WIS. STAT. § 655.44(4), it intended to include any applicable statute of repose and made no distinction between a statute of limitations and a statute of repose. *Landis*, 245 Wis. 2d 1, ¶ 5. The *Landis* court held that the tolling provisions of § 655.44(4) apply to both statutes of limitations and statutes of repose, concluding that the term "statute of repose" is largely a judicial label for a particular type of limitation on actions. *Landis*, 245 Wis. 2d 1, ¶ 5. *Landis* extensively discussed the historical definitions of statutes of repose and statutes of limitations, *id.*, ¶¶ 25–36, and concluded that statutes of both limitations and repose share at least one common objective:  to place the defendant on notice that it will be required to defend a suit. *Id.*, ¶ 51. Thus, the *Landis* court equated the terms statute of limitations and statute of repose, arguably overruling *Leverence*.

¶ 16.   Wenke argues that here, the circuit court was required to follow *Leverence* because the *Leverence* construction of the borrowing statute has actually become part of the borrowing statute itself due to legislative inaction. Wenke further argues that *Lever-*

228

*ence* was not overruled by *Landis* and the circuit court, in fact, misconstrued the significance of *Landis*. We disagree.

¶ 17.   Again, Wisconsin's Borrowing Statute reads as follows:

> **(1)** If an action is brought in this state on a foreign cause of action and the foreign *period of limitation* which applies has expired, no action may be maintained in this state.

> **(2)** If an action is brought in this state on a foreign cause of action and the foreign *period of limitation* which applies to that action has not expired, but the applicable Wisconsin *period of limitation* has expired, no action may be maintained in this state. (Emphasis added.)

WIS. STAT. § 893.07.

¶ 18.   In *Leverence*, we interpreted the phrase "period of limitation" in the borrowing statute to exclude statutes of repose. *Leverence*, 158 Wis. 2d at 90–92. Under the logic of *Leverence*, because the phrase "period of limitation" does not refer to or include a statute of repose but only a statute of limitations, Iowa's fifteen-year limitations period for tort actions cannot be "borrowed."

¶ 19.   However, in *Landis*, decided eleven years after *Leverence*, the Wisconsin Supreme Court specifically stated:

> When the legislature wrote the language in [WIS. STAT.] § 655.44(4) tolling "[a]ny applicable statute of limitations," it intended to include any applicable statute of repose. In this subsection, the legislature made no distinction between a statute of limitations and a statute of repose. In numerous other statutes, the legislature has not differentiated with a precise statu-

229

tory label whether a time limitation for commencing an action is a statute of limitations or a statute of repose. The term "statute of repose" is largely a judicial label for a particular type of limitation on actions.

*Landis*, 245 Wis. 2d 1, ¶ 5. Thus, the *Landis* court equated a statute of repose and a statute of limitations.

¶ 20.   Similar to the medical malpractice tolling provisions of Wis. Stat. § 655.44, in the borrowing statute of Wis. Stat. § 893.07, the legislature has made no distinction between a statute of limitations and a statute of repose. Reference is made to a "foreign period of limitation" but not to statutes of repose or statutes of limitations. In fact, as Justice Bradley's *Landis* concurrence notes, the phrase " 'statute of repose' is not part of the legislature's lexicon, but rather is a judicially created label used to describe a particular type of limitation on actions." *Landis*, 245 Wis. 2d 1, ¶ 67. Given these statements, it logically follows that the term "statute of limitations" includes statutes of repose and that the phrase "foreign period of limitation" in § 893.07 borrows from other jurisdictions both statutes of limitations and statutes of repose. Consequently, we must conclude under § 893.07, the fifteen-year period of repose is borrowed from Iowa's statutes.

¶ 21.   Our conclusion is supported by the persuasive authority of *Merner v. Deere & Co.*, 176 F. Supp. 2d 882 (E.D. Wis. 2001). The *Merner* court was confronted with a nearly identical factual situation as the one before us. In *Merner*, in two separate incidents, two Iowa plaintiffs attempted to refuel their John Deere tractors when a fire commenced; the first fire took place in Cedar Rapids, Iowa, in 1999 and the second fire in Waterloo, Iowa, in 2000. *Id.* at 884. One plaintiff was seriously injured and the other fatally injured from the fires. *Id.* The first tractor was purchased in 1973 and

the second was purchased in 1972. *Id.* John Deere manufactured the tractors in its Horicon, Wisconsin, facilities. *Id.* The question before the *Merner* court was whether the Wisconsin Supreme Court would apply Iowa's fifteen-year statute of repose to the plaintiffs' negligence and strict liability claims via Wisconsin's Borrowing Statute. *Id.* at 886.

¶ 22.  The *Merner* court noted that there was no Wisconsin Supreme Court decision interpreting "period of limitation" in the borrowing statute. *Id.* *Merner* acknowledged our holding in *Leverence* and concluded that, according to *Leverence*, "period of limitation" did not include a period of repose. *Merner*, 176 F. Supp. 2d at 886. However, the *Merner* court noted that *Landis* was a decision from the state's highest court and concluded that pursuant to *Landis*, under WIS. STAT. § 893.07, it must borrow the fifteen-year period of repose from Iowa. *Merner*, 176 F. Supp. 2d at 888. We agree with the *Merner* court's logic and adopt it here as our own.

¶ 23.  The Wisconsin Supreme Court's decision in *Landis* effectively overruled *Leverence*. We are bound by the holding of *Landis*, which, in essence, abandons any distinction between a statute of limitations and a statute of repose. The supreme court has the authority to, both implicitly and explicitly, overrule an opinion of the court of appeals. *Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997). It has done so in *Landis*.

## CONCLUSION

¶ 24.  The Wisconsin Supreme Court in *Landis* implicitly overruled our holding in *Leverence*. Thus, the *Landis* court effectively abandoned any distinction be-

tween a statute of limitations and a statute of response. As a result, the phrase "foreign period of limitation" as provided in WIS. STAT. § 893.07, Wisconsin's Borrowing Statute, dictates that we borrow Iowa's fifteen-year statute of repose and Wenke's claim is consequently precluded. We therefore affirm the circuit court's grant of summary judgment to Gehl.

*By the Court.*—Judgment affirmed.