WISCONSIN REALTORS ASSOCIATION, INC. and Wisconsin Builders Association, Plaintiffs-Appellants,

v.

TOWN OF WEST POINT, Defendant-Respondent.

Supreme Court

*No. 2006AP2761. Oral Argument November 29, 2007. —Decided December 12, 2007.*

2007 WI 139

(Also reported in 743 N.W.2d 441.)

For the plaintiff-appellants there were briefs by *Timothy D. Fenner, Lori M. Lubinsky,* and *Axley Brynelson, LLP,* Madison, and oral argument by *Lori M. Lubinsky.*

For the defendant-respondent there was a brief by *Richard K. Nordeng, Bryan Kleinmaier,* and *Stafford Rosenbaum LLP,* Madison, and oral argument by *Richard K. Nordeng.*

An amicus curiae brief was filed by *Carol B. Nawrocki,* Shawano, on behalf of the Wisconsin Towns Association.

An amicus curiae brief was filed by *Daniel M. Olson,* Madison, on behalf of the League of Wisconsin Municipalities.

An amicus curiae brief was filed by *Brian Ohm,* Madison, on behalf of the Wisconsin Chapter of the American Planning Association and the American Planning Association.

An amicus curiae brief was filed by *William White, Paul D. Barbato,* and *Michael Best & Friedrich LLP,* Madison, on behalf of the Wisconsin Transportation Builders Association and Aggregate Producers of Wisconsin.

¶ 1. PER CURIAM. This case comes before the court on certification from the Wisconsin Court of Appeals.

¶ 2. The court is equally divided on whether to affirm or reverse the judgment of the circuit court. Chief Justice Shirley S. Abrahamson, Justice Ann

43

Walsh Bradley, and Justice Patience Drake Roggensack would affirm. Justice N. Patrick Crooks, Justice David T. Prosser, and Justice Louis B. Butler, Jr. would reverse on the grounds that neither Wis. Stat. § 236.45 nor Wis. Stat. § 61.34 provide the Town the authority to enact a moratorium on land division. Justice Annette Kingsland Ziegler did not participate.

■

¶ 3.   When a certification or bypass results in a tie vote by this court, the better course of action is to vacate our decision to accept certification or bypass and remand the cause to the court of appeals. *State v. Richard Knutson, Inc.,* 191 Wis. 2d 395, 396–97, 528 N.W.2d 430 (1995) (remanding to court of appeals on a tie vote on certification); *State v.* Elam, 195 Wis. 2d 683, 684–85, 538 N.W.2d 249 (1995) (restating rule but declining to remand to court of appeals on a tie vote on bypass because court of appeals had previously decided issue).

¶ 4.   Accordingly, we vacate our order granting certification and remand to the court of appeals.

*By the Court.*—The order granting certification is vacated and the cause is remanded to the court of appeals.

¶ 5.   Justice ANNETTE KINGSLAND ZIEGLER did not participate.