# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP1938 |
| COMPLETE TITLE: | New Richmond News and Steven Dzubay, Plaintiffs-Respondents, v. City of New Richmond, Defendant-Appellant. |

PETITION TO BYPASS DENIED

| | |
|---|---|
| OPINION FILED: | December 18, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | September 18, 2015 |

| | | |
|---|---|---|
| SOURCE OF APPEAL: | | |
| | COURT: | Circuit |
| | COUNTY: | St. Croix |
| | JUDGE: | Howard W. Cameron, Jr. |

| | | |
|---|---|---|
| JUSTICES: | | |
| | CONCURRED: | ABRAHAMSON, A.W. BRADLEY, J.J., concur. (Opinion Filed) |
| | DISSENTED: | |
| | NOT PARTICIPATING: | R.G. BRADLEY, J., did not participate. |

For the defendant-appellant, there were briefs by *Remzy D. Bitar, Timothy M. Johnson, Samantha R. Schmid,* and *Crivello Carlson, S.C.,* Milwaukee, and oral argument by *Remzy D. Bitar.*

For the plaintiff-respondents, there was a brief by *Dustin B. Brown, Robert J. Dreps* and *Godfrey & Kahn, S.C.,* Madison, and oral argument by *Robert J. Dreps.*

There was an amicus curiae brief by *Christa Westerberg and McGillivray Westerberg & Bender LLC,* on behalf of the Wisconsin Newspaper Association and the Reporters Committee for Freedom of the Press.

There was an amicus curiae brief by *Andrew C. Cook,* assistant attorney general, *Delanie Breuer,* assistant attorney general, with whom on the brief was *Brad D. Schimel,* attorney general, on behalf of the Wisconsin Department of Justice.

There was an amicus curiae brief by *Claire Sliverman* and *League of Wisconsin Municipalities,* Madison, and *Andrew T. Phillips* and *von Briesen & Roper, S.C.,* Milwaukee*,* on behalf of League of Wisconsin Municipalities and Wisconsin Counties Association.

There was an amicus curiae brief by *Timothy M. Barber, Michael J. Modl, Gesina M. Seiler* and *Axley Brynelson, LLP,* Madison, on behalf of Wisconsin County Mutual Insurance Corporation and Community Insurance Corporation.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2014AP1938
(L.C. No. 2013CV163)

STATE OF WISCONSIN          :          IN SUPREME COURT

**New Richmond News and Steven Dzubay,**

      **Plaintiffs-Respondents,**

  **v.**

**City of New Richmond,**

      **Defendant-Appellant.**

**FILED**

**DEC 18, 2015**

Diane M. Fremgen
Clerk of Supreme Court

APPEAL from a judgment and an order of the Circuit Court for St. Croix County, Howard W. Cameron, Judge. *Decision to accept petition to bypass vacated and remanded.*

¶1   PER CURIAM.   The court is equally divided on whether to affirm or reverse the judgment of the circuit court for St. Croix County.  This case was argued before the full court; however, Justice N. Patrick Crooks passed away prior to the court's decision.  Justice Rebecca G. Bradley was appointed to the court after the court's decision, and therefore did not participate.  Justice Shirley S. Abrahamson, Justice Ann Walsh Bradley, and Justice David T. Prosser would affirm.   Chief

Justice Patience Drake Roggensack, Justice Annette Kingsland Ziegler, and Justice Michael J. Gableman would reverse.

¶2 This court accepted jurisdiction over this appeal on a petition to bypass. Wis. Stat. § (Rule) 809.60 (2013-14). We have previously stated that when a tie vote occurs in this court on a bypass or certification, "justice is better served in such an instance by remanding to the court of appeals for their consideration." State v. Richard Knutson, Inc., 191 Wis. 2d 395, 396-97, 528 N.W.2d 430 (1995) (remanding to court of appeals on a tie vote on certification); see also State v. Elam, 195 Wis. 2d 683, 684-85, 538 N.W.2d 249 (1995) (restating rule but declining to remand to court of appeals on a tie vote on bypass because court of appeals had previously decided issue).

¶3 Accordingly, we vacate our order granting the petition to bypass and remand to the court of appeals.

*By the Court.*—Decision to grant the petition to bypass vacated and cause remanded.

¶4 REBECCA G. BRADLEY, J., did not participate.

¶5 SHIRLEY S. ABRAHAMSON, J. *(concurring).* I concur in the per curiam opinion vacating the order granting the petition to bypass and remanding this case to the court of appeals.

¶6 I write separately to memorialize the approach being taken in the instant case following a new justice's (here Justice Rebecca G. Bradley's) appointment to the court, and to compare the practice at this time with past practice in this court and in the United States Supreme Court.

¶7 The per curiam looks regular in its form.[1] The instant case differs, however, from past cases vacating the order granting the petition to bypass and remanding the case to the court of appeals. The instant case poses the question of how a case should be treated by the court when the case was heard and decided before a new justice became a member of the court and the new member joins the court before an opinion is released.

¶8 To memorialize the approach now taken by the court in the instant case and to compare the present practice with this court's past practice and the practices of the United States Supreme Court, let me set forth the facts and circumstances of the change in the membership of the court, the status of the

---

[1] See Attachment A for a list of per curiam opinions vacating orders granting certification or bypass and remanding to the court of appeals, in which the justices who voted to affirm or reverse are named.

cases heard in September and October, and the issues raised by a new justice's joining the court at this time.[2]

¶9 Justice N. Patrick Crooks passed away on September 21, 2015. Justice Rebecca G. Bradley joined the court on October 9, 2015.

¶10 Prior to September 21, 2015, the court heard oral argument in nine cases. Justice N. Patrick Crooks participated. No opinion was released in each of these cases prior to Justice Rebecca G. Bradley's joining the court. The nine cases are set forth in the attached oral argument schedule (Attachment B) released by the Clerk of the Supreme Court.

¶11 In addition, after Justice N. Patrick Crooks passed away on September 21, 2015, and prior to Justice Rebecca G. Bradley's appointment, on September 22, October 5, and October 6, 2015, the court heard oral argument in seven cases. The seven cases are set forth in the attached oral argument schedule (Attachment C) released by the Clerk of the Supreme Court. No opinion was released in any of these cases prior to Justice Rebecca G. Bradley's appointment to the court.

¶12 One issue regarding the court's treatment of the instant case and other cases in which no opinion was released before Justice Rebecca G. Bradley became a member of the court

---

[2] I am not writing about the Office of Lawyer Regulation lawyer discipline cases and petitions for review or bypass and certifications by the court of appeals. These matters are too numerous and involve a large variety of factual patterns. They do, however, present issues similar to those presented by the oral argument cases.

2

is whether the court or the new justice decides whether the new justice participates in the cases heard before the new justice joined the court. No decision on this issue has been released.

¶13 I turn to the instant case, New Richmond News v. City of New Richmond. The instant case came to the court by way of a party's petition to bypass the court of appeals. As the per curiam states, the court granted the petition. The court was divided 3-3 after the passing of Justice N. Patrick Crooks.

¶14 When a case resulting in a tie vote is before us on a certification or petition to bypass the court of appeals, the court ordinarily vacates the order granting certification or bypass and remands the case to the court of appeals.[3] This is a

---

[3] State v. Richard Knutson, Inc., 191 Wis. 2d 395, 396-97, 528 N.W.2d 430 (1995).

But see State v. Elam, 195 Wis. 2d 683, 684-85, 538 N.W.2d 249 (1995), stating that:

> The court is equally divided on whether to affirm or reverse the judgment of the Circuit Court for Milwaukee County, Jeffrey A. Wagner, Judge. Chief Justice Roland B. Day, Justices Donald W. Steinmetz and Janine P. Geske would affirm. Justices Shirley S. Abrahamson, William A. Bablitch and Ann Walsh Bradley would reverse. Justice Jon P. Wilcox did not participate.

> This court accepted jurisdiction over this appeal on a petition to bypass. Wis. Stat. § (Rule) 809.60 (1993-94). We have previously stated that when a tie vote occurs in this court on a bypass or certification, "justice is better served in such an instance by remanding to the court of appeals for their consideration." State v. Richard Knutson, Inc., 191 Wis. 2d 395, 396-397, 528 N.W.2d 430 (1995).

> We do not remand this appeal to the court of appeals because the court of appeals has already decided the

(continued)

3

sensible procedure. No way exists for breaking the tie vote in this court, and remanding the case to the court of appeals gives the parties appellate review of the trial court's decision.

¶15 Unlike those prior cases regarding a tie vote in a certification or bypass, in the instant case there is a way of breaking the tie vote in this court; Justice Rebecca G. Bradley could participate. If Justice Rebecca G. Bradley participated in the instant case, the parties and the public could have a decision by this court more quickly than if the case were remanded to the court of appeals. A decision by this court would also avoid the possibility of further review by this court following the decision by the court of appeals.[4]

---

issue presented in this appeal, namely whether Wis. Stat. § 973.012 (1993-94) prohibits a defendant from basing an appeal on a sentencing court's failure to take sentencing guidelines into consideration. In State v. Halbert, 147 Wis. 2d 123, 131-32, 432 N.W.2d 633 (Ct. App. 1988), the court of appeals held that a sentencing court's failure to consider the sentencing guidelines is not subject to appellate review.

[4] Several of the cases the court sent to the court of appeals after a tied vote came back to this court after a decision of the court of appeals. See, e.g., Polsky v. Virnich, 2009 WI 66, ¶1, 318 Wis. 2d 599, 769 N.W.2d 52 (returned to the court in 2011 and decided in Polsky v. Virnich, 2011 WI 13, ¶1, 332 Wis. 2d 1, 800 N.W.2d 742 (court remained evenly divided)); Dairyland Greyhound Park, Inc. v. Doyle, 2004 WI 34, ¶¶2, 4, 270 Wis. 2d 267, 677 N.W.2d 275 (recertified by the court of appeals and decided by this court in Dairyland Greyhound Park, Inc. v. Doyle, 2006 WI 107, 295 Wis. 2d 1, 719 N.W.2d 408); Wenke v. Gehl Co., 2003 WI 96, ¶1, 263 Wis. 2d 675, 665 N.W.2d 211 (returned to this court for review of the court of appeals' decision in Wenke v. Gehl Co., 2004 WI 103, 274 Wis. 2d 220, 682 N.W.2d 405); State v. Watson, 209 Wis. 2d 281, 282-83, 562 N.W.2d 151 (1997) (returned to this court for review of the
(continued)

¶16 The per curiam explains Justice Rebecca G. Bradley's non-participation in the instant case as follows: "This case was argued before the full court; however, Justice N. Patrick Crooks passed away prior to the court's decision. Justice Rebecca G. Bradley was appointed to the court after the court's decision, and therefore did not participate."[5] All court decisions are tentative until the opinion is released.

¶17 To put the present situation into focus, I look to the prior practice of this court and the United States Supreme Court. Under past precedent of this court and the United States Supreme Court, it appears that if a new justice is available to break a tie vote, then the court, without the new justice's input, decides whether to reargue the case. In reargument, the new justice participates.

¶18 Although this court has not had much experience with a new justice joining the court after a case has been heard but before an opinion is released, we have had some.

¶19 The circumstances surrounding my arrival on the court in September 1976 are instructive.

¶20 Chief Justice Horace Wilkie passed away on May 26, 1976. I was appointed by the governor in August 1976 and was sworn in on September 7, 1976. Two cases that had been heard

_____

court of appeals decision in State v. Watson, 227 Wis. 2d 167, 595 N.W.2d 403 (1999)).

[5] Per curiam, ¶1. Justice Rebecca G. Bradley did not participate in the court's decision in State v. Iverson, 2015 WI 101, ¶62, ___ Wis. 2d ___, ___ N.W.2d ___, heard before Justice Rebecca G. Bradley joined the court.

before Chief Justice Wilkie's death resulted in a tie after his death: Punches v. Schmidt, 73 Wis. 2d 206, 243 N.W.2d 518 (1976); and State v. Kline, 73 Wis. 2d 337, 243 N.W.2d 519 (1976). In each case, the court issued a per curiam opinion on June 30, 1976, stating how each justice had voted and further stating that because the court was equally divided following the passing of Chief Justice Wilkie, the judgment of the trial court was affirmed. Because I had not yet taken office, nobody was available to break the tie. The justices who heard the cases obviously decided not to hold the cases over until September when a new justice would, in all likelihood, participate.

¶21 A third case that was affected by the death of Chief Justice Wilkie was Buse v. Smith, 74 Wis. 2d 550, 247 N.W.2d 141 (1976). Buse was an original action that was argued on May 5, 1976. No decision was announced and no opinion was released before Chief Justice Wilkie died on May 26. There was no trial court decision to affirm. No court of appeals existed at the time.

¶22 To resolve Buse, the court, sitting six (and without my input), set Buse for reargument on September 8, 1976, when a seven-person court would in all likelihood be sitting. After I was sworn in, a seven-member court, including me, sat for reargument and decided the case. An opinion was issued on November 30, 1976.

¶23 I turn to the procedures followed by the United States Supreme Court when a change in the membership of the Court occurs. These procedures are instructive as well.

6

¶24 The practices followed by the United States Supreme Court when a new justice joins the court are set forth in Stephen M. Shapiro et al., Supreme Court Practice, Ch. 15.6, at 838-39 (10th ed. 2013). The practice of the United States Supreme Court is that only the justices who originally participated in a case decide how the case should be handled when a new justice joins the court. If the justices who originally participated in the case decide that the new justice should have an opportunity to participate, they set the case for reargument. If the case is set for reargument, the new justice may participate in the reargument. No precedent appears to exist in the United States Supreme Court for a new justice who did not participate in oral argument to participate in the case without reargument.[6]

¶25 Here is the relevant discussion from the Shapiro text:

> The normal practice is for any Justices who did not participate in the original decision to disqualify themselves in considering the petition for rehearing. Thus, Justice Stewart, who had not been a member of the Court when Flora v. United States, 357 U.S. 63 (1958), was decided, took no part in the subsequent request for a response to the petition for rehearing (358 U.S. 871 (1958)) or in the order granting

---

[6] At least one case suggests that an equally divided United States Supreme Court alone is not a sufficient reason to grant a reargument. Rather, reargument may be warranted only when important constitutional questions are involved. See City of Shreveport v. Holmes, 125 U.S. 694 (1888) ("These petitions are denied. The rehearing was granted in Insurance Co. v. New York, 119 U.S. 129, ante, 1385, after a decision by a divided court, because an important constitutional question was involved. The questions in these cases are not of that character.") (emphasis added).

rehearing (360 U.S. 922 (1959)), but did participate in the reargument (362 U.S. 145 (1960)). See also <u>Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp.</u>, 349 U.S. 901, 926 (1955), 350 U.S. 124 (1956); <u>Indian Towing Co. v. United States</u>, 349 U.S. 902, 926, 350 U.S. 61 (1955).

Despite the above limitations, rehearing petitions have been granted in the past where the prior decision was by an equally divided Court and it appeared likely that upon reargument a majority one way or the other might be mustered. This means that a Justice who originally participated voted for rehearing in recognition of the importance of the Court's resolving the question upon which it had divided. This was particularly true when a new Justice became available to break the tie. <u>The same practice still prevails, especially when a new Justice makes a majority possible.</u>[22] <u>In such cases, the new Justice does not participate in the consideration of the petition for rehearing but does take part in the reargument and the ensuing judgment.</u>

When the equal division has resulted from the failure of a member of the Court to participate for personal reasons, and the petition for rehearing will not result in his or her participation, the mere fact of the equal division will not cause the petition to be granted, although it may be granted for other reasons. But in <u>Bartkus v. Illinois</u>, 355 U.S. 281, 356 U.S. 969 (1958), 359 U.S. 121 (1959), and in <u>Ladner v. United States</u>, 355 U.S. 282, 356 U.S. 969, 358 U.S. 169 (1958), Justice Brennan did not participate in the affirmances by equal divisions; he had been a member of the court below in <u>Hoag v. New Jersey</u>, 356 U.S. 464 (1958), a companion case argued at the same time. Once the <u>Hoag</u> case was decided, however, he participated in the orders granting rehearing in <u>Bartkus</u> and <u>Ladner</u> and in the subsequent rearguments and opinions in those cases.

. . . .

[22] [T]he Court on its own initiative restored three cases to the calendar for reargument during the 2005 Term. See <u>Garcetti v. Ceballos</u>, 546 U.S. 1162 (2005); <u>Kansas v. Marsh</u>, 547 U.S. 1037 (2005); <u>Hudson v. Michigan</u>, 547 U.S. 1096 (2005). Each of these cases originally had been argued between the death of Chief

Justice Rehnquist on September 3, 2005, and the swearing-in of Justice Alito on February 1, 2006. Presumably, the Court restored these cases to the calendar because an equally divided vote had resulted; the opinions ultimately issued in these three cases all were split 5-4, with the majority vote in each case including Justice Alito. See Garcetti v. Ceballos, 547 U.S. 410 (2005); Hudson v. Michigan, 547 U.S. 586 (2006); Kansas v. Marsh, 548 U.S. 163 (2006); see also Ryan Co. v. Pan-Atlantic Corp., 349 U.S. 901, 926 (1955); Indian Towing Co. v. United States, 349 U.S. 902, 926 (1955).

Id., 838-39 & n.22 (emphasis added; footnote 22 shown; other footnotes omitted).

¶26 In sum, under past precedent of this court and the United States Supreme Court, it appears that if a new justice is available to break a tie vote, then the court, without the new justice's input, decides whether to reargue the case. In reargument, the new justice participates.

¶27 Although the per curiam does not appear to be consistent with this past practice, this court appears to have adopted a new practice. I therefore concur in the decision to vacate the order granting the petition to bypass and remand this matter to the court of appeals.

¶28 To aid the court in the future, I write separately to memorialize the practice adopted by the court at this time and to describe the past practice of this court and the practices of the United State Supreme Court.

¶29 For the reasons set forth, I write separately.

¶30 I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.

**ATTACHMENT A**

1.  <u>Metro. Milwaukee Ass'n of Commerce, Inc. v. City of Milwaukee</u>, 2010 WI 122, ¶¶1, 3, 329 Wis. 2d 537, 789 N.W.2d 734 ("The court is equally divided whether to affirm or reverse the order of the circuit court. Justice David T. Prosser, Justice Patience Drake Roggensack, and Justice Michael J. Gableman would affirm. Chief Justice Shirley S. Abrahamson, Justice Ann Walsh Bradley, and Justice N. Patrick Crooks would reverse. Justice Annette Kingsland Ziegler did not participate. . . . [W]e vacate our order granting certification and remand to the court of appeals.").

2.  <u>Wis. Realtors Ass'n, Inc. v. Town of W. Point</u>, 2007 WI 139, ¶¶2, 4, 306 Wis. 2d 42, 743 N.W.2d 441 ("The court is equally divided on whether to affirm or reverse the judgment of the circuit court. Chief Justice Shirley S. Abrahamson, Justice Ann Walsh Bradley, and Justice Patience Drake Roggensack would affirm. Justice N. Patrick Crooks, Justice David T. Prosser, and Justice Louis B. Butler, Jr. would reverse on the grounds that neither Wis. Stat. § 236.45 nor Wis. Stat. § 61.34 provide the Town the authority to enact a moratorium on land division. Justice Annette Kingsland Ziegler did not participate. . . . [W]e vacate our order granting certification and remand to the court of appeals").

3.  <u>Dairyland Greyhound Park, Inc. v. Doyle</u>, 2004 WI 34, ¶¶2, 4, 270 Wis. 2d 267, 677 N.W.2d 275 ("The court is equally divided on whether to affirm the judgment of the circuit court. Chief Justice Shirley S. Abrahamson, Justice Ann Walsh Bradley, and Justice N. Patrick Crooks would affirm. Justice David T. Prosser, Jr., Justice Diane S. Sykes, and Justice Patience D. Roggensack would reverse. Justice Jon P. Wilcox did not participate. . . . [W]e vacate our order granting certification and remand to the court of appeals.").

4. <u>State v. Agnello</u>, 2003 WI 44, ¶¶1, 3, 261 Wis. 2d 331, 664 N.W.2d 55 ("The court is equally divided on whether to affirm or reverse the judgment of the circuit court for Milwaukee County. Justice William A. Bablitch, Justice Jon P. Wilcox, and Justice N. Patrick Crooks would affirm. Chief Justice Shirley S. Abrahamson, Justice Ann Walsh Bradley, and Justice David T. Prosser would reverse. Justice Diane S. Sykes did not participate. . . . [W]e vacate our order granting certification and remand to the court of appeals.").

5. <u>Wenke v. Gehl Co.</u>, 2003 WI 96, ¶1, 263 Wis. 2d 675, 665 N.W.2d 211 ("The court is equally divided on whether to affirm or reverse the judgment of the circuit court. Justice N. Patrick Crooks, Justice David T. Prosser, Jr., and Justice Diane S. Sykes would affirm. Chief Justice Shirley S. Abrahamson, Justice William A. Bablitch, and Justice Ann Walsh Bradley would reverse. Justice Jon P. Wilcox did not participate.").

6. <u>State v. Greer</u>, 2003 WI 20, ¶¶1, 3, 260 Wis. 2d 43, 658 N.W.2d 795 ("The court is equally divided on whether to affirm or reverse the judgment of the circuit court for Milwaukee County. Chief Justice Shirley S. Abrahamson, Justice Ann Walsh Bradley, and Justice David T. Prosser would affirm. Justice William A. Bablitch, Justice N. Patrick Crooks, and Justice Diane S. Sykes would reverse. Justice Jon P. Wilcox did not participate. . . . [W]e vacate our order granting certification and remand to the court of appeals.").

7. <u>Guzman v. St. Francis Hosp., Inc.</u>, 2000 WI 34, ¶¶1, 3, 234 Wis. 2d 170, 609 N.W.2d 166 ("The court is equally divided on whether to affirm or reverse the order of the circuit court for Milwaukee County. Chief Justice Abrahamson, Justices Bablitch and Bradley would affirm. Justices Wilcox, Crooks and Sykes would reverse. Justice Prosser did not participate. . . . [W]e vacate our order granting bypass and remand to the court of appeals.").

8.  State v. Deborah J.Z., 225 Wis. 2d 33, 34-35, 590 N.W.2d 711 (1999) ("The court is equally divided on whether to affirm or reverse the order of the circuit court on the charge of attempted first degree intentional homicide. Justice Donald W. Steinmetz, Justice Jon P. Wilcox, and Justice N. Patrick Crooks would affirm; Justice William A. Bablitch, Justice Ann Walsh Bradley, and Justice David T. Prosser would reverse. . . . [W]e vacate our order granting certification and remand the cause to the court of appeals . . . . Shirley S. Abrahamson, Chief Justice, did not participate.").

9.  State v. Watson, 209 Wis. 2d 281, 282-83, 562 N.W.2d 151 (1997) ("The court is equally divided whether to affirm or reverse the order of the circuit court. Chief Justice Shirley S. Abrahamson, Justice William A. Bablitch and Justice Ann Walsh Bradley would affirm. Justice Jon P. Wilcox, Justice Janine P. Geske and Justice N. Patrick Crooks would reverse. Justice Donald W. Steinmetz did not participate. . . . [W]e vacate our order granting certification and remand to the court of appeal [sic].").

10. State v. Richard Knutson, Inc., 191 Wis. 2d 395, 396-97, 528 N.W.2d 430 (1995) ("The court is equally divided on whether to affirm or reverse the judgment of the circuit court for Waukesha County. Justice Day, Justice Abrahamson, and Justice Bablitch would affirm. Chief Justice Heffernan, Justice Steinmetz, and Justice Geske would reverse. Justice Wilcox did not participate. . . . [W]e vacate our decision to certify and remand to the court of appeals.").

12

# ATTACHMENT B

## WISCONSIN SUPREME COURT

### Assignment for the Month of September 2015

**IMPORTANT NOTICE: September 17, 2015 oral arguments will be held at the Grant County Courthouse, 130 W. Maple Street, Lancaster, Wisconsin.**

Pursuant to Rule 809.22, you are hereby notified that the following cases will be called for argument on the days stated. The calendar indicates that you are involved in one or more of the cases. Please be present and prepared to argue at the time shown, which is the earliest hour at which your case may be called. Unless otherwise indicated, 30 minutes per side will be allowed for oral argument. An oral argument information sheet is attached for your reference.

#### TUESDAY, SEPTEMBER 8, 2015 (in MADISON)

| 09:45 a.m. | - | #14AP515-FT | - State v. Daniel S. Iverson |
| | - | #12AP2520 | - Hoffer Properties, LLC v. State of Wisconsin |
| 01:30 p.m. | - | #13AP857-CR | - State v. Brett W. Dumstrey |

#### THURSDAY, SEPTEMBER 17, 2015 (in LANCASTER)

| 09:30 a.m. | - | #13AP2433-CR | - State v. Stephen LeMere |
| 11:00 a.m. | - | #13AP907 | - Kenneth C. Burgraff, Sr. v. Menard, Inc. |
| 02:00 p.m. | - | #14AP2431 | - St. Croix County Department of Health and Human Services v. Michael D. |

#### FRIDAY, SEPTEMBER 18, 2015 (in MADISON)

| 09:45 a.m. | - | #14AP1048 | - Winnebago County v. Christopher S. |
| | - | #14AP1938 | - New Richmond News v. City of New Richmond |
| 01:30 p.m. | - | #14AP108-CR | - State v. Charles V. Matalonis |

#### TUESDAY, SEPTEMBER 22, 2015 (in MADISON)

| 09:45 a.m. | - | #13AP613/687 | - Wisconsin Pharmacal Company, LLC v. Nebraska Cultures of California, Inc. |

**PLEASE NOTE:** Attorneys on all assigned cases should submit additional authorities that have been reported, issued, or published since the filing of briefs, and which the court should consider. Such letters should be furnished in nine copies with an additional copy to each opposing attorney. See Wis. Stat. § 809.19(10).

Stipulations for continuance will be considered only if they state reasons that are considered by the court to constitute good cause. A copy of the court's rescheduling policy is attached.

**If any special access, visual or hearing arrangements are necessary for your attendance in court, please advise the Clerk's Office at least five (5) days prior to your argument.**

On arrival for argument in **Madison**, please check in with the Clerk's Office Staff outside the courtroom located on the 2nd **Floor, East Wing of the State Capitol.** On arrival for argument in **Lancaster (for cases to be heard on September 17, 2015)**, please check in with the Clerk's Office Staff outside the **assigned courtroom of the Grant County Courthouse.**

ON ORAL ARGUMENT CASES, PLEASE SIGN AND RETURN THE ENCLOSED SELF-ADDRESSED, STAMPED ACKNOWLEDGMENT POSTCARD THAT ONLY ACKNOWLEDGES THAT YOU HAVE RECEIVED A COPY OF THIS CALENDAR.

DIANE M. FREMGEN
Clerk of Supreme Court

July 8, 2015; rev. July 9, 2015; rev. July 10, 2015; rev. July 14, 2015; rev. July 30, 2015

13

# ATTACHMENT C

## WISCONSIN SUPREME COURT

**Assignment for the Month of October 2015**

Pursuant to Rule 809.22, you are hereby notified that the following cases will be called for argument on the days stated. The calendar indicates that you are involved in one or more of the cases. Please be present and prepared to argue at the time shown, which is the earliest hour at which your case may be called. Unless otherwise indicated, 30 minutes per side will be allowed for oral argument. An oral argument information sheet is attached for your reference.

### MONDAY, OCTOBER 5, 2015

09:45 a.m. - #14AP1267-CR - State v. Andy J. Parisi
             #14AP1880    - United Food v. Hormel Foods Corporation
01:30 p.m. - #13AP1488    - Wisconsin Department of Justice v. Wisconsin Department of Workforce Development

### TUESDAY, OCTOBER 6, 2015

09:45 a.m. - #14AP678/679/680 - State v. Melisa Valadez
             #14AP1283    - S. A. M. v. Nancy M. Meister
01:30 p.m. - #13AP1228-CR - State v. Jimmie Lee Smith

### MONDAY, OCTOBER 12, 2015

09:45 a.m. - #14AP482-D    - Office of Lawyer Regulation v. Gerald P. Boyle
             #11AP2680-CR - State v. Patrick J. Lynch

**PLEASE NOTE:** Attorneys on all assigned cases should submit additional authorities that have been reported, issued, or published since the filing of briefs, and which the court should consider. Such letters should be furnished in nine copies with an additional copy to each opposing attorney. See Wis. Stat. § 809.19(10).

Stipulations for continuance will be considered only if they state reasons that are considered by the court to constitute good cause. A copy of the court's rescheduling policy is attached.

**If any special access, visual or hearing arrangements are necessary for your attendance in court, please advise the Clerk's Office at least five (5) days prior to your argument.**

On arrival for argument, please check in with the Clerk's Office Staff outside the courtroom located on the 2nd **Floor, East Wing of the State Capitol.**

**ON ORAL ARGUMENT CASES, PLEASE SIGN AND RETURN THE ENCLOSED SELF-ADDRESSED, STAMPED ACKNOWLEDGMENT POSTCARD THAT ONLY ACKNOWLEDGES THAT YOU HAVE RECEIVED A COPY OF THIS CALENDAR.**

                         DIANE M. FREMGEN
                         Clerk of Supreme Court

July 10, 2015; rev. July 14, 2015; rev. October 2, 2015