Yasmine CLARK a Minor, by her Guardian ad Litem, Susan M. Gramling, Plaintiff-Respondent,

v.

AMERICAN CYANAMID COMPANY, Armstrong Containers. Inc., E.I. Dupont De Nemours and Company, Atlantic Richfield Company and The Sherwin-Williams Company, Defendants-Appellants,

MILWAUKEE COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES and NL Industries, Inc., Defendants.

Supreme Court

*No. 2014AP775. Oral argument April 5, 2016. —Decided April 15, 2016.*

2016 WI 24

(Also reported in 877 N.W.2d 117.)

For the defendants-appellants, there were briefs by *Jeffrey K. Spoerk, James E. Goldschmidt* and *Quarles & Brady LLP,* Milwaukee, and *Leon F. DeJulius, Jr., Charles H. Moellenberg, Jr.* and *Jones Day,* Pittsburgh, PA. Oral argument by *Leon F. DeJulius, Jr.*

For the plaintiff-respondent, there was a brief by *Peter G. Earle* and the *Law Office of Peter Earle, LLC,* Milwaukee and *Jonathan Orent, Fidelma Fitzpatrick* and *Motely Rice, LLC,* Providence, RI, and oral argument by *Peter G. Earle* and *Fidelma Fitzpatrick.*

There was an amicus curiae brief by *Brad Schimel,* attorney general, *Misha Tseytlin,* solicitor general, *Luke N. Berg,* deputy solicitor general and *Amy C. Miller,* staff attorney, and the Wisconsin Department of Justice. Oral Argument by *Luke N. Berg* for the defendants-appellants.

¶ 1. PER CURIAM.   The court is equally divided on whether to affirm or reverse the decision of the circuit court for Milwaukee County. Chief Justice Patience Drake Roggensack, Justice Shirley S. Abrahamson, and Justice Ann Walsh Bradley would affirm. Justice David T. Prosser, Justice Annette Kingsland Ziegler, and Justice Michael J. Gableman would reverse. Justice Rebecca G. Bradley did not participate.

¶ 2. This court accepted jurisdiction over this appeal upon certification by the court of appeals. Wis. Stat. § 809.61 (2013–14) ("The supreme court may take jurisdiction of an appeal or other proceeding in the court of appeals upon certification by the court of appeals or upon the supreme court's own motion."). We have often stated that when a tie vote occurs in this court on a bypass or certification, "justice is better served in such an instance by remanding to the court of appeals for their consideration." *New Richmond News v. City of New Richmond,* 2015 WI 106, ¶ 2, 365 Wis. 2d 610, 875 N.W.2d 107 (per curiam) (quoting *State v. Richard Knutson, Inc.,* 191 Wis. 2d 395, 396–97, 528 N.W.2d 430 (1995) (per curiam) (remanding to court of appeals on a tie vote on certification)).

¶ 3. Accordingly, we vacate our order granting certification and remand to the court of appeals.

*By the Court.*—The order granting certification is vacated and the cause is remanded to the court of appeals.

¶ 4. REBECCA G. BRADLEY, J., did not participate.