# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2021AP1399-CR |

| | |
|---|---|
| COMPLETE TITLE: | State of Wisconsin,<br>      Plaintiff-Appellant,<br>   v.<br>Morris V. Seaton,<br>      Defendant-Respondent. |

ON CERTIFICATION FROM THE COURT OF APPEALS

| | |
|---|---|
| OPINION FILED: | October 10, 2023 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | September 13, 2023 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Waukesha |
| JUDGE: | Jennifer Dorow |

| | |
|---|---|
| JUSTICES: | |

Per Curiam.

NOT PARTICIPATING:
Janet C. Protasiewicz, J.

ATTORNEYS:

For the plaintiff-appellant, there were briefs filed by *Sarah L. Burgundy*, assistant attorney general, with whom on the brief was *Joshua L. Kaul*, attorney general. There was an oral argument by *Sarah L. Burgundy,* assistant attorney general.

For the defendant-respondent, there was a brief filed by *Melinda A. Swartz, Michael J. Steinle* and *Terschan, Steinle, Hodan & Ganzer, Ltd, Milwaukee.* There was an oral argument by *Melinda A. Swartz.*

2023 WI 69

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2021AP1399-CR
(L.C. No. 2020CF687)

STATE OF WISCONSIN : IN SUPREME COURT

State of Wisconsin,

    Plaintiff-Appellant,

    v.

Morris V. Seaton,

    Defendant-Respondent.

**FILED**

**OCT 10, 2023**

Samuel A. Christensen
Clerk of Supreme Court

APPEAL from an order of the Circuit Court for Waukesha County, Jennifer Dorow, Judge. *Order to accept certification vacated and remanded.*

¶1 PER CURIAM. The court is equally divided on whether to affirm or reverse the order of the circuit court for Waukesha County.

¶2 This court accepted jurisdiction over this appeal by accepting a certification from the court of appeals. Wis. Stat. § (Rule) 809.61 (2021-22). We have previously stated that when a tie vote occurs in this court on a bypass or certification, "justice is better served in such an instance by remanding to the court of appeals for their consideration." State v. Richard

Knutson, Inc., 191 Wis. 2d. 395, 396-97, 528 N.W.2d 430 (1995) (remanding to court of appeals on a tie vote on certification).

¶3 Accordingly, we vacate our order to accept the certification and remand to the court of appeals.

*By the Court.*—Order to accept certification vacated and remanded.

¶4 JANET C. PROTASIEWICZ, J., did not participate.